# FAIRES v. LODANC.

1. When the witnesses before the jury, differ materially in stating the contract—one saying it was between the plaintiff and defendant for the rent of a room, and others that the room was leased by the plaintiff to a third person, for whom the defendant promised to pay, if he failed to do so, it is error to refuse to charge that the defendant was liable, although the third person may have received the benefit of the contract. A promise under such circumstances is not within the statute of frauds.

Writ of Error to the County Court of Mobile.

ASSUMPSIT by Faires against Lodanc for use and occupation.

At the trial, on the issue of *non assumpsit,* a witness stated he was present when the plaintiff and defendant entered into a contract for the rent of the upper saloon of the Mobile Theatre, during the Theatre season. Lodanc agreed to rent the saloon from Faires and pay him $300 for the season. Afterwards Lodanc told the witness he had taken possession of the saloon, pursuant to the contract. Another witness testified he heard a contract made between Faires and one Marino for the rent of the saloon, and that Lodanc agreed to be security for Marino, and pay the $300 in case Marino should make default in paying the rent. Two other witnesses tes-

tified to the same fact, but stated on cross-examination, that the first witness was not present when the conversation was had between Faires and Marino and Lodanc.

On this state of proof the court charged—

1. That if the jury believed the contract was made between Faires and Marino, and that Lodanc promised to pay the debt in case Marino should make default of the rent, then his promise was within the statute of frauds, and he was not liable, unless it was in writing.

The plaintiffs counsel then requested the court to charge.

2. That if the jury believed the credit was given to Lodanc and not to Marino, that Lodanc was liable, although Marino may have been the beneficiary in the contract.

This was refused and the jury instructed—

3. That if Faires, Marino and Lodanc were all together, and Faires agreed to rent the room to Marino, and Marino promised to pay the rent, then Lodanc is not bound, unless he promised in writing.

The plaintiff excepted to the charges as given, as well as to the refusal to give that asked, and the ruling of the court in these particulars is assigned as error.

A. Fox, for the plaintiff in error, argued—

1. Although the charges given may be correct in the abstract, yet they were calculated to mislead, as the plaintiff counts on the special contract made with Lodanc, as well as for use and occupation, and the attention of the jury was drawn from this count by the charge of the court. [Toulmin v. Lessesne, 2 Ala. Rep. 359.]

2. If credit was given to Lodanc, although Marino was the beneficiary, the former was liable on his original undertaking. [Rhodes v. Leeds, 3 S. & P. 212 ; Travis v. Allen 1 S. & P. 192.]

G. N. Stewart, for the defendant, insisted—The contract is within the statute, as Lodanc was nothing more than a surety for Marino. The charges of the court are with reference to the entire testimony not alone on that of the first witness.

GOLDTHWAITE, J.—We do not understand the plaintiff as insisting there is error in either of the charges actually given, but that the court below should also have instructed the jury as he requested. It appears the witnesses examined, differed materially in their statement of the contract. According to one, it was made by the plaintiff with the defendant, but the others speak of Marino as the principal debtor, and the defendant as his surety only. In this condition of the evidence, it is clear the plaintiff was entitled to the instruction of the court, upon his view of the contract, and if the credit was given to the defendant, and not to Marino, there can be doubt the plaintiff was entitled to recover, although Marino was solely benefitted by the lease. In such a case no credit is given to the third person, and he is responsible in no manner to the plaintiff. [Roberts on Frauds, 216; Rhodes v. Leeds. 3 S. & P. 212.] For this error the judgment is reversed and the cause remanded.