## PERRINE v. LEACHMAN, ET AL.

1. A declaration which alledges that the plaintiff, at the instance and request of the defendants, and upon a promise that he would pay therefor, did sell and deliver furniture, and rent a house to a third person, is not obnoxious to the statute of frauds, although it is not alledged that the defendant's promise was in writing, or objectionable on the ground that it does not state a sufficient consideration.

Writ of Error to the Circuit Court of Greene.

THIS was an action of assumpsit at the suit of the plaintiff in error. The first count of the declaration alledges, that in consideration that the plaintiff would sell and deliver to one Alexander Bell, on a credit, all such furniture as he might have occasion for in his trade and business of a tavern keeper, the defendant would be accountable for the same, to the amount of two thousand dollars; the sale and delivery of furniture, on a reasonable credit, &c. to the value of two thousand dollars; the expiration of the term of credit, repeated demands of Bell and the defendants; and the failure and refusal by them to pay, &c. are then regularly averred.

The second count alledges, on, &c., in consideration that

Perrine v. Leachman, et al.

the plaintiff would demise to A. Bell, "a messuage and premises," situate, &c. (particularly describing it,) for the term of one year, &c. for the sum of two thousand dollars, the defendants, by their letter of that date, addressed to the plaintiff, promised to be accountable to him for the rent, &c.; the plaintiff, confiding in defendants' promise, did demise to A. Bell the messuage, &c. on a credit then agreed upon with him, for the sum of two thousand dollars, placed him in possession, and he continued in the enjoyment of the same until the expiration of the lease. The default of Bell is alledged, the defendants' notice thereof, and their failure and refusal to pay, &c.

The third count alledges, that the defendants addressed to the plaintiff a letter, undertaking to be accountable for whatever furniture the plaintiff would sell and deliver A. Bell, amounting to two thousand dollars; that the plaintiff did sell and deliver to him furniture amounting to that sum, at reasonable prices, and proceeds as in the first count. The fourth count is substantially the same as the second.

A several demurrer was interposed to each count in the declaration, which being sustained, judgment was rendered without pleading further, in favor of the defendants, and against the plaintiff for costs.

W. M. MURPHY, for the plaintiff in error, insisted, that selling furniture, and renting the house to Bell, was a sufficient consideration for the defendant's undertakings. [1 Saund. R. 211, 216.] The allegation of a parol promise, as in the first count, is not bad under the statute of frauds. [Chit. on Con. 202; 1 Saund. R. 211, (a,) note; 11 Johns. R. 221; 8 Id. 29.] Though it may be necessary to prove it, yet it need not be alledged that the contract was in writing. [Chit. on Con. 206.]

J. B. CLARK, for the defendant.

COLLIER, C. J.—We can discover no sufficient ground for sustaining the demurrer in this cause. Neither count of the declaration is obnoxious to the statute of frauds. All the counts except the first alledge an undertaking *in writing*, to

pay the plaintiff if he would rent the house, &c. to Bell, or sell him furniture, &c.; and each state with particularity such dealings and transactions between the plaintiff and Bell, and come within the scope of defendant's promise on behalf of the latter. And as for the allegation of a breach, we can discover no objection to it, whether considered in reference to either or all of the counts.

In respect to the first count, it is only necessary to remark, that although it does not state that the defendants' undertaking was in writing, yet it is competent to give in evidence a writing corresponding to the allegation. It has been held by this and all other courts, whenever the point has arisen, that a declaration upon a promise to pay the debt of a third person, need not alledge it to have been written, although it may be necessary to prove it.

The judgment must be reversed and the cause remanded.