# Lehman *v.* Levy.

*Bill in Equity to have Deed absolute on its face declared a Mortgage.*

1. *Finding of Register on oral testimony; its weight on appeal.*—The finding of a register, based on the testimony of witnesses, who were present and testified orally before him, comes before a revising court with strong presumption of its verity; and this court will not reverse it, unless the preponderance of evidence against its correctness is so strong, that a judge at *nisi prius* would feel authorized to set aside a verdict rendered on similar testimony.

2. *Statute of Frauds; when note not affected by.*—A promissory note, under the statute of this State, imports a consideration; and where parties sign as sureties, contemporaneously with the principal, no independent consideration moving to the surety is necessary to bind him.

3. *Same; promise to answer for debt of another, when within.*—It is only when both liabilities continue to exist—the original debt as a subsisting liability, and the new special promise to answer for such debt—that the statute requires the "agreement, or some note or memorandum thereof, expressing the consideration," to be "in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing."

4. *Register's report; correction of error on appeal.*—Where the register, in stating an account, commits an error in computation of interest, and an exception is taken by the injured party to the report, covering only a part of such error, this court is not authorized to go beyond the scope of

[Lehman v. Levy.]

the exception; but the error, so far as covered by the exception, will be here corrected, without remanding the cause.

APPEAL from Mobile Chancery Court.

Heard before Hon. JNO. A. FOSTER.

The bill in this cause was filed by Mary Lehman and her husband, Abraham Lehman, against Moritz Levy, for the purpose of having a deed, absolute on its face, declared a mortgage securing two notes made by them to Levy, each for $200.00, and for a redemption of the real estate conveyed by the deed. It is averred in the bill, that one of the notes "represented a debt due" by the son of the complainants, and that Mrs. Lehman "was in fact a mere surety for the same;" and that the other note was for money loaned by Levy to the complainants, at a usurious rate of interest, the bill stating the facts upon which the charge of usury is based. Levy answered the bill, averring that both notes were made to him for money loaned to complainants, and denying that there was any usury as charged in the bill. He also averred, in substance, that the deed was executed in settlement of the notes, and denied that it was executed as a security for the payment thereof. Upon the hearing, the Chancery Court decreed that the deed was a security for the payment of the notes, in the nature of a mortgage, and that the complainants were entitled to redeem the real estate conveyed by the deed, by payment in full of the debt thereby secured; and the cause was referred to the register, to take and state an account between the complainants and defendant; "and that he ascertain and report how much, including principal and interest, is due to defendant on the claim secured by said deed or conveyance. In ascertaining this amount, the register will ascertain the amount actually paid to complainants by defendant, and the amount of the debt which the complainants assumed for their son, and compute interest thereon at eight per cent. *per annum.* The amount of said indebtedness is not to be regarded as settled by the amount of any note or evidence of debt, but by the sum of money actually received by complainants and the interest at eight per cent. thereon." On the reference had under this decree, both parties introduced witnesses, who were examined orally before the register. The testimony of the witnesses for the complainants tended to show, that one note was made by the complainants as surety for their son, and that the other note was usurious; while the testimony of the witnesses for the defendant tended to show, that both notes were made for money loaned by defendant to complainants, and that neither note was usurious. The testimony was conflicting and irreconcilable. The defendant admitted on the reference that the complainants had paid him

4

[Lehman v. Levy.]

$8.00 on account of interest on the debt in controversy. The register reported, that there was due on the notes secured by the deed, principal and interest, $580.35. The report shows, that the register reported both notes as valid debts against complainants, overruled the claim of usury set up by them, and failed to credit them with the $8.00, which they paid Levy on account of interest. The complainants excepted to the report of the register, as shown in the opinion. The Chancery Court rendered a decree, overruling complainants' exceptions, confirming the report of the register, and ordering a sale of the property for the payment of the sum stated in the report and costs, unless the complainants paid the same within thirty days after the adjournment of the court.

From this decree Mrs. Lehman appealed, and here assigns as error the overruling of the exceptions taken to the register's report.

HANNIS TAYLOR, for appellant.

OVERALL & BESTOR, contra.

STONE, J.—The decree of the chancellor in this cause pronounced the deed under which appellee claimed title, to be only a mortgage security, and from that decree no appeal has been prosecuted. The questions mooted here arise out of the report of the register, ascertaining the amount due. Exceptions to the register's report were filed by the appellant, raising two questions: *First*, that part of the claim was a note given for the debt of another, and that the note thus given was void under the statute of frauds, because it failed to express the consideration upon which it was given. *Second*, that there was usury in the transaction, and the register failed to allow appellant the benefit of it as a credit. The testimony bearing on each of these questions was given orally before the register. It is in irreconcilable conflict. The testimony for appellant tends to maintain her view of this question, while that of the appellee stands diametrically opposed to each of the claims set up by appellant. The testimony can not be reconciled. The register had the witnesses present before him, and had much better means of determining their credibility than we can have. The finding of a register on testimony thus given, comes before a revising court with strong presumption of its verity. We will not reverse it, unless the preponderance of evidence against its correctness is so strong, that a judge at *nisi prius* would feel authorized to set aside a verdict rendered on similar testimony. *Smith, Ex'r, v. Inman, Adm'r*, at last term. This case falls

[Lehman v. Levy.]

far short of that rule. In fact, we are not able to affirm there is a preponderance of evidence in favor of appellant's views.

We said above that the testimony for appellant tends to maintain her view of these questions. It is certainly in direct conflict with the testimony of appellee. It can scarcely be said to present the case of a promise to pay the debt of another, which our statute requires to be in writing signed, and expressing the consideration. The language of this testimony is, "I did not get the first $200 testified to by witness Levy. I and my wife simply went security for the debt of our son, Mark Lehman. My son brought me a note for $200, and said he owed Levy for fixing up his office, and asked us to sign it. We did so as security for him." A note signed, under our statute imports a consideration; and where parties sign as sureties, cotemporaneously with the principal, no independent consideration moving to the surety is necessary to bind him. Moreover, there is not enough in this testimony to repel the idea that this was an original undertaking, or a novation upon some new and sufficient consideration.—*Dunbar v. Smith*, 66 Ala. 490. It is only when both liabilities continue to exist—the original debt as a subsisting liability, and the new special promise to answer for such "debt, default or miscarriage"—that the statute requires the "agreement, or some note or memorandum thereof, expressing the consideration; [to be] in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing."—Code of 1876, § 2122; *Faires v. Lodane*, 10 Ala. 50; *Perrine v. Leachman*, 10 Ala. 140; *Oliver v. Hire*, 14 Ala. 590; *Blount v. Hawkins*, 19 Ala. 100; *Martin v. Black*, 20 Ala. 309; S. C. 21 Ala. 721; *Ragland v. Wynn*, 37 Ala. 32; *Rutledge v. Townsend*, 38 Ala. 706; *Bowen v. Kurtz*, 37 Iowa, 239; *Packer v. Benton*, 35 Conn. 343; Browne, Stat. Frauds, § 193.

There is a third exception to the register's report, that he "erred in not giving complainants credit for $8.00 which Levy says he received on account of interest." Looking into the evidence, and the register's calculation of interest, this exception appears to be well taken. The register computed interest on each loan from the time it was made, and allowed no credit for this payment. In fact, computing interest on the two notes from the time they severally matured, and the result is an error prejudicial to appellant, in excess of eight dollars. But there is no exception which authorizes us to go beyond the eight dollars. We therefore correct the report, and declare and decree the sum due defendant at the time the report was confirmed—July 6, 1881—to be ($572.35) five hundred and seventy-two dollars and thirty-five cents. In all other respects the decree of the chancellor is affirmed, and the register will pro-

[Hawley v. Bibb.]

ceed to enforce the same for said corrected sum, as directed and ordered by the chancellor. Let the appellee pay the costs of appeal in this court and in the court below.

Reversed and rendered.