# Christian & Craft Grocery Co. *v.* Hill, *et al.*

*Bill in Equity for the Settlement of a Partnership.*

1. *Stating an account; to be binding there must be acquiescence.* Before a party can rely upon the statement of an account sent by him to another as a stated account between them, it is necessary for the party rendering the account to prove acquiescence therein by the other party.

2. *Partnership liability of one partner to another.*—Where the articles of co-partnership between two parties provide that each is to contribute one-half of the capital necessary to conduct the business and is to receive one-half of the profits or pay one-half of the losses, as the case may be, neither of the parties can become solely responsible for all of the losses resulting from the business enterprise; and where the partnership is formed for the purpose of operating a steamship between two ports for the transportation of freight and for the purchase and sale of tropical fruits, any shortage in a cargo of said steamship must be equally borne by the partners; and the

[Christian & Craft Grocery Co. v. Hill.]

fact that one of the partners acted in the capacity of super-cargo on the voyage where the shortage occurred, does not, of itself, make him alone responsible for such shortage.

3. *Same; same; statement of account.*—Where one of the members of a partnership, who was conducting a mercantile business, sells goods to a company of which the other partner is a member, and the seller recognized said company as a separate entity, and the goods sold were sold and charged to it as such, the partner so selling the goods can not deduct the price therefor from the other partner's share in the proceedings of the partnership business, even though the latter acted for said company in making the purchase, unless his relation to said company was such as to make him responsible for its debts; and this is true although the partner purchasing for said company may have subsequently promised to pay for the goods sold, since such promise would be without consideration.

4. *Same; same; same.*—Where one of the two partners of a firm makes an erroneous statement of the account existing between them, the partner so making the statement is properly chargeable with interest, from the date of its rendition, on the balance that was actually due from him, and which he ought to have paid.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WILLIAM H. TAYLOE.

The bill in this case was filed by the appellees, Alvin M. Hill, J. O. Williams and W. M. Davis, against the Christian & Craft Grocery Company; and sought the final settlement and accounting of a co-partnership, which had formerly existed between the complainants and the defendant, and that a decree be rendered in favor of the complainants for such amount as might be due them after such accounting. The articles of co-partnership were in words and figures as follows: "Mobile, September 19th, '94. Know all men, we the Christian & Craft Grocery Company, and A. M. Hill, John O. Williams and W. M. Davis, have this day entered into the following partnership:

"1st. To charter the steamship Jaederen, and have her ply between Mobile and such ports in Honduras, as may be determined upon. 2d. To engage in the purchase of tropical fruits and the selling of the same.

"The Christian & Craft Grocery Company, 1st party, and A. M. Hill, John O. Williams, and W. M. Davis, 2d

party, are each to contribute one-half of the capital necessary to conduct said business and to receive one-half of the profits, or pay one-half of the losses as the case may be.

"It is understood that said parties are to purchase fruit from the Burchard Honduras Fruit Company of Port Burchard, Honduras, and at such other ports as may be deemed good policy at the prices prevailing on the coast, at the date steamer may reach the coast, or may contract for such fruit that they may need at a fixed schedule of prices, month by month. The question of contract price to be agreed upon mutually between the parties signing this agreement.

"It is further agreed that the Burchard Honduras Fruit Company are to represent us as agents at Port Burchard, and that no fruit shall or will be accepted at Port Burchard or Tocomacho, in Honduras, except such as is received through said agents.

"This agreement as to partnership to continue for a period of two months from date hereof." This agreement was signed by the Christian & Craft Grocery Company and each of the complainants.

It was averred in the bill that three trips of the steamship Jaederen were made during the term of the co-partnership; that the money that was put into the partnership of the complainants was delivered to the Christian & Craft Grocery Company, who attended to the business of the firm; that there were several credits which should be allowed the complainants, and that notwithstanding there was a loss in the partnership business, the Christian & Craft Grocery Company was indebted to the complainants in a large amount.

The defendant answered the bill, denying any indebtedness to the complainants, and averred in its answer that the complainants had been allowed all the credits to which they were entitled. Upon the filing of the answer, a reference was ordered to be held before the register. Upon this reference, the following facts were disclosed by the evidence introduced: In accordance with the articles of co-partnership, the steamship Jaederen was chartered and made three trips, and on No-

vember 9, 1894, the partnership expired by limitation.

The complainants paid into the partnership business, $3,038.19. On the three trips, of the Jaederen, there was a total loss to the partnership of $1,228.68. On the day the partnership agreement was executed, and on the following day, J. O. Williams and W. M. Davis bought from the defendant a bill of goods for the Burchard Honduras Fruit Co., a corporation, which bill of goods amounted in the aggregate to $1,026.58. This bill of goods was charged to the Burchard Honduras Fruit Company on the books of the Christian & Craft Grocery Company. Each of the complainants were stockholders and officers in the Burchard Honduras Fruit Company, Hill being president and Williams and Davis being officers thereof. A witness for the complainants testified that this bill of goods was sold to the Burchard Honduras Fruit Company upon its own responsibility, and was a separate transaction from the partnership composed of the complainants and the defendant, and was in no way connected with such partnership.

The testimony for the defendant tended to show that while the account was charged on its books to the Burchard Honduras Fruit Company, it was done so at the request of the complainants, for the purpose of keeping the accounts from complications, and that the defendant looked to the complainants as members of said partnership for the payment of said account. The complainants contended, and their evidence tended to show, that there was due them from the defendant $2,148.04, and that the defendant had paid to them by two separate payments an amount equalling $1,000, leaving a balance of $1,148.04.

It was shown by the evidence that on December 28, 1894, the defendant rendered to the complainants the following account:

"Mobile, Ala., Dec. 28th, 1894.

"Hill, Williams & Davis,
        To Christian & Craft Grocery Co.
                        Dr.

Sept. 20.    To Cash Wms                    10.00

[Christian & Craft Grocery Co. v. Hill.]

| | | | |
|---|---|---|---|
| Oct. 8. | Bananas shortage trip No. 1, 2710 at 18¾ | 508.13 | |
| Nov. 24. | Cabin passengers, No. 3 | 33.50 | |
| Dec. 28. | B. H. Fruit Co. account | 1,026.58 | |
| Dec. 28. | Your ½ losses S. S. Jaederen | 614.34 | 2,192.55 |

Cr.

| | | | |
|---|---|---|---|
| Sept. 19. | By cash | 798.56 | |
| Sept. 19. | By cash | 1,250.01 | |
| Sept. 19. | By C. & C. Gro. Co. | 242.51 | |
| Oct. 9. | By C. & C. Gro. Co. | 989.62 | 3,280.70 |

To your credit      1,088.15."

The complainant Hill as a witness testified as follows: "The statement of account, dated Mobile, Ala., December 28, 1894, of Hill, Williams & Davis, in account with the Christian & Craft Grocery Company, showing a balance due to Hill, Williams & Davis of $1088.15, came to me by mail from Mobile to New Orleans. The Christian & Craft Grocery Company mailed it to me. Since the receipt of this statement the Christian & Craft Grocery Company sent me a check for $1,000, leaving a balance due me, under that statement of $88.15." As to the cash item of said account of ten dollars, the evidence for the complainant was that the ten dollars was paid to Dr. Williams, one of the complainants, by the Christian & Craft Company, to be paid by Williams to the captain of the steamer, as a gift, which was customary. The defendant's testimony was that this ten dollars was paid to Dr. Williams at his request, and not with the intention of having it paid to the captain as a gratuity. The testimony for the complainants further tended to show that they knew nothing about the item in said account as to cabin passengers, and that, therefore, they could not be charged with it.

It was shown that there was a shortage in the number of bunches of bananas on the first trip made by the steamship Jaederen. The complainant's testimony in reference to such shortage was that one of the complainants, Dr. Williams, was, by agreement of the partners, a super-cargo or purser on said first trip, and that the

complainants were in no way personally responsible for such shortage, the bananas being purchased by Dr. Williams as representative of the partnership. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

After hearing the evidence the register made his report, which was in words and figures as follows: "In this cause the register reports to the court that in pursuance of the decree of Oct. 22d, 1895, he gave due notice of the time and place of executing the reference ordered therein, and that said reference was set for May 21st, 1897, and was continued to June 19th, 1897, on which date the reference was completed. He was attended at such reference by Messrs. W. H. Hughes and J. W. Gray, solicitors for complainants, and by Mr. Harry T. Smith, solicitor for the defendant.

"Upon a careful consideration of the testimony offered for the defendant, the register finds and reports that on the 19th day of September, 1894, the Christian & Craft Grocery Company, a corporation of the State of Alabama, as party of the first part, and Alvin M. Hill, a resident of New Orleans, La., John O. Williams and Woodford M. Davis, residents of the City of New York, State of New York, as parties of the second part, entered into a co-partnership for the purpose and sale of tropical fruits. The register is unable to ascertain what amount of money was contributed by the Christian & Craft Grocery Company, but he finds from the testimony that the sum of $3,038.19 was paid in by Hill, Williams and Davis. From the testimony the register finds that this co-partnership as formed chartered the steamship 'Jaederen,' to transport tropical fruits from Honduras to the city of Mobile, Ala., under the direction and supervision of the Christian & Craft Grocery Company, and that all the money above named was under their control. The said steamship made three trips to Honduras and brought three cargoes of fruit to the city of Mobile. The costs and expenses of the first cargo

| | |
|---|---|
| were | $3,368.11 |
| The proceeds of the first cargo were | 3,823.04 |
| | |
| Making a gain of | $454.93 |
| The expenses of the second cargo were | $4,045.72 |
| The proceeds of the second cargo were | 3,722.54 |
| | |
| Making a loss of | $323.18 |
| The expenses of the third cargo were | $3,683.39 |
| The proceeds of the third cargo were | 2,322.96 |
| | |
| Making a loss of | $1,360.43 |

Which shows a total loss on the three trips of $1,228.68

"The register further finds that, on the 19th day of September, 1894, the same day on which this agreement was entered into between the Christian & Craft Grocery Company and Hill, Williams and Davis, a bill of goods were purchased by Messrs. Williams and Davis for the Burchard Honduras Fruit Company from the Christian & Craft Grocery Company, amounting to $1,026.58 and the same was shipped on the steamer 'Jaederen' for the account of the Burchard Honduras Fruit Company, and were charged to them on the books of the Christian & Craft Grocery Company and remain so charged up to this time, and for this reason it has been droppd by me in stating an account between the Christian & Craft Grocery Company and Hill, Williams and Davis.

"The register further finds and reports that there is due to Hill, Will'ams and Davis by the Christian & Craft Grocery Company, on account of said co-partnership, the sum of eleven hundred and forty-eight 64-100 dollars, as shown by the following statement:

"1894.                    Cr.
Sept. 19. By cash paid by Hill, Williams and
            Davis                              $  798.56
Sept. 20. By cash paid by Hill, Williams        1,250.01
Oct. 9. By cash paid by Hill, Williams            989.62
1894.                    Dr.
Sept. 20. To one-half of $10 paid Dr.
            J. O. Williams for master of
            S. S. Jaederen              $5.00

Oct. 8. To one-half value of bananas
    short on trip No. 1 of the
    Jaederen      254.06
Nov. 24. To one-half of passage money 16.75
Dec. 28. To one-half loss on the trip of
    the S. S. Jaederen  614.34——$  890.15

  By balance due Hill, Williams and Davis  $2,148.04
1895.        Dr.
Jan. 1. To cash paid Hill, Williams
    and Davis     $516.25
Jan. 12. To cash paid Hill, Williams
    and Davis    483.75—— 1,000.00

  By amount due Hill, Williams and Davis by
   the Christian & Craft Grocery Company $1,148.04

"The register further finds and reports that there was no income derived from said co-partnership other than that hereinbefore mentioned, and that said co-partnership owned no property other than that mentioned in this report."

To this report the complainants filed an exception, upon the ground that the register failed to allow to the complainants interest, and charged the defendant with interest upon the amount found by the register to be due the complainants by the defendant, from December 28, 1894, the date of the rendition of the statement, to the complainants by the defendant.

The defendant filed the following exceptions to the report: "1. This defendant excepts to said report in so far as it finds and reports that the amount due Hill, Williams & Davis is eleven hundred and forty-eight and 4-100 dollars, because said balance was arrived at by including in the account several erroneous items, as will appear from the exceptions hereinafter written, and in support of this exception, the defendant refers to all of the evidence hereinafter referred to, under each of the other exceptions.

"2. This defendant excepts to said report in so far as it finds that the Christian & Craft Grocery Company is entitled to a credit against Hill, Williams & Davis for

only one-half of the value of the bananas short on trip No. 1 of the Jaederen, the said one-half amounting to two hundred and fifty-four 6-100 dollars, whereas said report should have found that the defendant, the said Christian & Craft Grocery Company was entitled to a credit against said Hill, Williams & Davis for all of said shortage, amounting to five hundred and eight 13-100 dollars.

"3. The defendant, the Christian & Craft Grocery Company, excepts to said report in so far as the same reports that the Christian & Craft Grocery Company is not entitled to a credit as against Hill, Williams & Davis of ten hundred and twenty-six 58-100 dollars for groceries which were purchased from defendant under the name of the Burchard Honduras Fruit Company, and in support of this exception, this defendant refers to so much of the testimony of the witness Hill as is above quoted in their exception number two.

"4. This defendant further excepts to said report because it omits to credit this defendant, the Christian & Craft Grocery Company, with the one thousand dollars referred to by the witness Hill.

"5. This defendant excepts to said report, because it does not report said account between the Christian & Craft Grocery Company and Hill, Williams & Davis, in accordance with the statement thereof, which was rendered to Hill, Williams & Davis by the Christian & Craft Grocery Company on the 28th day of December, 1894, which is attached to his testimony as Exhibit 'B' and which was retained by the said Hill without any objection to any of the items thereof."

On the hearing of the cause upon the exceptions to the report of the register the chancellor sustained the exceptions filed by the complainants and allowed interest on the amount ascertained to be due the complainants from December 28th, 1894, to January 31, 1898,—the date of the rendition of the decree—and overruled each of the exceptions filed to said report by the defendant. From this decree the defendant appeals and assigns the rendition thereof as error.

GREGORY L. & H. T. SMITH, for appellant.

[Christian & Craft Grocery Co. v. Hill.]

BESTOR & GRAY, *contra*.—The Christian & Craft Grocery Company was clearly chargeable with interest upon the balance in its hands from December 28, 1894, the date of the statement or account rendered by it, and the time of the misappropriation of the balance.—*Glover v. Hembree,* 82 Ala. 324-329; 17 Am. & Eng. Encyclopædia of Law, 1230-1.

"The findings of the master are *prima facie* correct. Only such matters of law and of fact as are brought before the court by exceptions are to be considered, and the burden of sustaining the exceptions is on the objecting party."—*Medsker v. Bonebrake,* 108 U. S. 66.

The findings of the master should "be treated as so far correct and binding as not to be disturbed unless clearly in conflict with the weight of the evidence upon which they were made."—*Kimberly v. Arms,* 129 U. S. 512.

On appeal from a decree of the chancellor, overruling exceptions to the report of the register on questions and matters of account dependent upon the conclusions drawn by the register from evidence produced before him, all reasonable presumptions are indulged to support his rulings, and they will not be disturbed unless shown to be clearly wrong.—*Winter v. Banks,* 72 Ala. 409; *Kinsey v. Kinsey,* 37 Ala. 393; *Mahone v. Williams,* 39 Ala. 202; *Lehman v. Levy,* 69 Ala. 48.

SHARPE, J.—This bill was filed for the settlement of a partnership which had existed between the complainants collectively as one party and the defendant corporation as the other party. Certain undisputed facts appear in the record and among them are these: The partnership was to continue for two months and its purpose as stated in their written agreement was: "1st. To charter the steamship Jaederen, and have her ply between Mobile and such ports in Honduras as may be determined upon. 2nd. To engage in the purchase of tropical fruits and the selling of the same." Complainants were to contribute half the necessary capital, and to share half the profits or losses, and defendant was to contribute and share in the like proportion.

On the same day the partnership was formed it procured an agreement with the Burchard Honduras Fruit

Company that the latter should act as the firm's agents at Port Burchard, Honduras, and should also supply fruit there at agreed prices for the firm to import. Also on the same day goods amounting to $1,026.28 were charged on defendant's books to the Burchard Honduras Fruit Company, and the goods were shipped on the Jaederen to the address of that concern in Honduras. In making that agreement to supply fruits the Burchard Honduras Fruit Company was represented by complainants, who also bought the goods from defendant either on the credit of that company or on their own credit.

Three cargoes of fruit were brought by the Jaederen during the two months of the partnership's existence, and their proceeds were collected by defendant. A shortage in quantity in one of the cargoes was reported by the selling agents at Mobile.

The result of the venture was a loss to the partnership, but notwithstanding the loss a balance remained in defendant's hands due complainants on account of their contributions to the firm capital which had been received by defendant, which contributions according to the register's report amount to $3,038.19. A statement of account was rendered by defendant as of December 28, 1894; the same being mailed to complainant Hill at New Orleans. The statement contained charges against the complainants including the whole amount of the estimated shortage in the cargo, and also the amount of its bill for the goods shipped to the Burchard Honduras Fruit Co.

The defendant having answered, a reference was executed before the register. The errors assigned question the correctness of the decree appealed from only so far as it relates to exceptions filed to the register's report.

1.    To enable the defendant to rely on the statement sent Hill as a stated account it was incumbent upon it at least to prove acquiescence therein on the part of complainants. This is has failed to do. For all that appears in the record there may have been prompt objection on the part of Hill and of the other complainants.

2.    The register allowed defendant two credits aggregating $1,000 as having been paid in January, 1895. No

[Christian & Craft Grocery Co. v. Hill.]

one has testified that defendant has paid more than that sum since it rendered the account. We are, therefore, satisfied that Hill's statement in testimony to effect that he received a check for $1,000 after receiving the account, had reference to the two credits allowed by the register, and that the defendant is not entitled to a credit as for the payment of another thousand dollars.

3. There is nothing in the partnership agreement binding the complainants to become solely responsible for losses that might occur by reason of shortages, nor is there satisfactory proof of any verbal agreement to become so responsible or of any circumstance which would justify the court in charging them with the shortage here claimed except as to one-half upon the basis of their joint accountability as was held by the register. It appears that complainant Williams in the capacity of super-cargo was acting for the firm and not for the complainants alone, and there is nothing in the fact that he so acted that would increase the complainants' responsibility for shortages.

4. The defendant's sale of goods, which were charged to the Burchard Honduras Fruit Company, was not a partnership transaction and had no place in the settlement of partnership matters, except to enable the defendant to retain what may be due it from the complainants out of any balance found against it. The practice of allowing one partner to retain for an individual debt as against a balance so found, has been held permissible. Bates on Partnership, § 920; *Mack v. Woodruff*, 87 Ill. 570. Conceding such right to the defendant it was nevertheless bound to establish its debt against the complainants. Whether it was a corporation or not, there can be no doubt that the defendant had recognized the Burchard Honduras Fruit Company as a separate entity and had contracted with it as such in other matters, and that these goods were charged and shipped to it as such. If it was understood that complainants acted in the purchase of the goods not for themselves, but only in behalf of that concern, then to make them liable therefor it must appear that their relation to that concern was such as to make them responsible for its debts. If the pur-

chase was so made, a mere subsequent promise to pay, if any was made, would be without consideration. From the evidence in the record it was open to the register to find that credit was not extended to the complainants and that they were not liable therefor. The conclusions of the register based upon the testimony of witnesses who were present and testifying before him are not to be disturbed unless they are clearly shown to be wrong.— *Winter v. Banks,* 72 Ala. 409; *Lehman v. Levy,* 69 Ala. 48.

5. There was no error in charging the defendant with interest from the time it rendered the statement to the complainants whereby it assumed the right to withhold the balance which ought then to have been paid.— *Wells v. Babcock,* 56 Mich. 276.

The decree of the chancery court must be affirmed at appellant's cost.