26 So.2d 255

**CLAYTON v. MONTE et al.**

4 Div. 382.

Supreme Court of Alabama.

April 25, 1946.

Rehearing Granted June 13, 1946.

Roy L. Smith and W. R. Belcher, both of Phenix City, for appellant.

J. B. Hicks, of Phenix City, and H. A. Ferrell, of Seale, for appellees.

SIMPSON, Justice.

This is an accounting between partners. The appeal is by defendant, Charles T. Clayton, from a decree awarding the complainant, Regis Monte, his niece-in-law, the sum of $7,678.38. The fundamental dispute between them concerns the terms of the partnership agreement.

The defendant was engaged in the premium candy business under the trade name of Clayton Candy Company, and the partnership was formed to operate two candy routes to sell the candy furnished by the candy company. According to Miss Monte, Mr. Clayton, her brother and she were to be the partners; that she and her brother (Hugh Monte) were to operate the business of the partnership and would receive one-half the gross profits of the business and Mr. Clayton the other half; that Clayton was to furnish the candy and premiums to the partnership, which was his contribution to the expenses, and the Montes should defray the remaining expenses incident to the operation of the business. Clayton claims differently and contends that Hugh Monte was not in the transaction at all; that Miss Monte and he (Clayton) were the sole partners, and that all the expenses, including the cost of the candy and premiums, were to be charged to the partnership and that he and Miss Monte were to participate equally in the net profits. An audit prepared by a representative of Clayton supported his theory of the case and established that Miss Monte. was entitled to a net balance of $3,777.72 when the business closed.

After a full and considerate hearing of the evidence ore tenus before him, the court entered the following conclusions on the controverted issues:

"* * * that there was a partnership organized between the parties, as contended by the Complainant, Miss Regis Monte, and that she is entitled to a judgment as against the Respondent. There is no occasion to set out in this opinion and decree the figures as shown and offered by either side. As best I can gather from the testimony the terms of the partnership were to the effect that the candy and premiums were to be charged to the partnership, and that the Respondent, Charles T. Clayton was to receive pay for his candy and premiums and was to participate in the profits from the sales as shown by the audit prepared by a representative of Mr. Clayton.

"The Complainant, Miss Regis Monte, is entitled to a balance of $7,678.38. * * *"

As we read and interpret this decree it concludes upon inconsistent findings of facts. If, as recited in the decree, "there was a partnership organized between the parties as contended by the complainant, Miss Regis Monte,". then the subsequent conclusions would seem to be ill founded and erroneous because, with the exception

of the amount found due, they were based on Mr. Clayton's testimony and understanding of the partnership agreement, viz., that the two partners should receive the net profits from the business after all expenses had been deducted. And if, as finally concluded in the decree, the partnership was to pay Clayton for his candy and premiums, and in addition he "was to participate in the profits from the sales as shown by the audit" prepared by his representative, then the amount awarded appears to have been erroneous since Clayton's audit set up the balance due different from that adjudged in the decree. Another inconsistency noted is that if there was a partnership organized as contended by Miss Monte, her brother should have been included as a partner in the award, and he was not.

This is a case peculiarly for the solution of the trial court. The issues were purely of fact to be determined on testimony of the parties and witnesses, who were known to the learned judge and who appeared and testified before him in open court. His conclusion in such case will have the force and effect of the verdict of a jury, 2 Ala.Dig., Appeal & Error, ☞1008, and, but for the seeming inconsistency noted, we would be content to rely on it and affirm the decree.

It is our view of the case that if, as first indicated in the decree, the partnership was as contended by Miss Monte, then the award should have been to both complainants, accurately establishing the amount due them, or if Hugh Monte was not a partner (as contended by Clayton) but the terms of division of the proceeds of the business were as contended by Miss Monte, then the decree should so find. On the other hand, if as concluded in the last part of the decree, the terms of the partnership were as claimed by Mr. Clayton and he was to participate in the net profits of the business as shown by his audit, then the amount awarded to Miss Monte should conform to the figures which would result from such calculation.

According to our interpretation of the decree it adopts neither the theory of complainants nor respondent, but of both, as a hypothesis on which to rest decision, and

we are persuaded the ends of justice would be best served by remanding the cause for further consideration.

We have not noticed the outside items of credit totaling $2,954.52, which defendant claimed should offset the amount due complainant. The trial court evidently concluded against the defendant on this issue and the decision impresses us as well founded. Under the governing rule in such cases, where the evidence was taken ore tenus, as here, we would not disturb his finding in that regard.

For the error noted, though, the decree is reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.

## On Rehearing

PER CURIAM.

We are now asked to modify and affirm the decree of the trial court. Hugh Monte, through counsel, has disclaimed all interest or right in the partnership and both parties, by respective counsel, agree that the amount due Miss Regis Monte is $3,777.72, as stated by the Clayton audit.

Accordingly, the judgment of reversal is set aside and the decree of the lower court is so modified that appellee have and recover of appellant the stated sum.

This being an accounting between partners and no special equities appearing to avert application of the general rule, interest on said sum will only be due from the date (May 1, 1945) of the rendition of the final decree (Lunsford v. Shannon, 221 Ala. 207, 128 So. 215) and it is so ordered.

On request of the parties, therefore, the rehearing is granted and the original decree is thus modified and affirmed.

Let the appellant pay the costs of the appeal as well as in the lower court.

Rehearing granted.

Modified and affirmed.

GARDNER, C. J., and BROWN, LIVINGSTON and SIMPSON, JJ., concur.