133 So.2d 669

**L. D. KING, Jr.**

**v.**

**T. O. LANGHAM.**

**3 Div. 910.**

Supreme Court of Alabama.

Sept. 14, 1961.

Rehearing Denied Nov. 2, 1961.

Nicholas S. Hare, Monroeville, for appellee.

Edwin C. Page, Jr., Evergreen, for appellant.

**SIMPSON, Justice.**

Bill by complainant (King) against respondent (Langham) for an accounting of a joint business venture existing between them known as *Tri-County Gas Company*. From an adverse decree after a hearing before the trial judge ore tenus and without a reference, complainant appeals.

Statements of account were filed by both parties, and a voluminous record (consisting of about 650 Transcript pages) was created which has been painstakingly considered. The court found that appellant and appellee had entered into a joint business venture in the nature of a partnership; that appellant had received $25,650 from the sale of the business; that 49% was due appellee as his proportionate share of the capital account, which totals $17,847.27, said sum being inclusive of interest of 6%

on $12,658.50 from the effective date of payment to appellant pursuant to the sales contract, said date being 13 September, 1952. (We note that 49% of the capital sum is $12,568.50.)

We accede to the conclusion that appellant and appellee entered into an oral agreement to operate a retail butane gas business as a joint business venture in the nature of a partnership. Not only is the conclusion below presumptively correct, but such presumption aside, after consideration of the evidence, it would seem incompatible with good business judgment that a businessman such as appellee would endow another (appellant) with the assets of a going business concern with a mere conjecture as to whether he would receive his commensurate share of the capital account and profits from the operation of the business after having contributed substantially thereto. So we think the trial court ruled correctly in awarding appellee the sum of 49% of the sale price of the assets of the partnership business.

A reference to the register or master is said to aid the court and to facilitate progress of the case, but not because the court does not have the right to hear the evidence. Hale v. Cox, 240 Ala. 622, 625, 200 So. 772; Ex Parte Gurganus, 251 Ala. 361, 37 So.2d 591. Counsel for appellant assigns as error the failure of the court to order a reference before the register or a special master to state the account. The cause was submitted for final decree without a request for a reference by either party, and the court decided the issue in favor of appellee. A discretion is vested in the equity court to determine whether it will refer the statement of the account to the register or a special master for a hearing and report. Thomas v. Barnes, 219 Ala. 652, 656, 123 So. 18. And the judge in a court of equity is not bound to order a reference and may proceed without one. Hale v. Cox, supra. We observed in McLeod v. Willard, 257 Ala. 672, 60 So.2d 692, the better practice in matters of ac-

·counting should ordinarily be determined upon a reference to the register or special master. But here the parties evidently were satisfied for no objection was made when the court proceeded to act on the evidence and determine the case. The record embraces a conglomerate set of circumstances indicating a liberal policy toward the management and operation of the business between the parties. Accountants testified there were no cash records, and the financial records were inaccurate and in·complete and no revealing audit or accounting could be made by them from the in·complete records kept by appellant. It is thus doubtful that the register or master could have arrived at a better conclusion than did the court.

Under the circumstances apparent from the record, we apprehend no reversible error was committed by the court in failing to refer the matter of stating an account to the register or special master.

■ When there is no reference, and the presiding judge acts in the capacity of a master his findings and decree should be reviewed by us on appeal on the same principle which obtains when he reviews the report of the register. The review will be to determine whether from the evidence the ·conclusion of the trial court was correct, with the favorable presumption attending on a hearing of the witnesses before him in open court. The court's finding had the force and effect of a jury and unless palpably wrong, erroneous, or against the great preponderance of the evidence, which we are unable to say here, must be sustained. Stanley v. Beck, 242 Ala. 574, 7 So.2d 276; Rodgers v. Thornton, 254· Ala. 66, 46 So.2d 809.

■ Insistence of error is argued in the allowance by the court of interest at the rate of 6% on the award to appellee by the court from the effective date of sale of the partnership, which was 13 September, 1952, and not from the date of the final decree which was entered on 28 October, 1959.

Here was an accounting between partners in a joint venture with each claiming various credits and amounts due each party from the other. The amount due each party was uncertained until the final decree. There appear no special equities to avert application of the general rule, that interest on said sum found to be due appellee will only be due from the date (28 October, 1959) of the rendition of the final decree. Clayton v. Monte, 248 Ala. 93, 26 So.2d 255; Lunsford v. Shannon, 221 Ala. 207, 128 So. 215; Grand Bay Land Co. v. Simpson, 207 Ala. 303, 92 So. 789. We entertain the view that error was committed in allowing interest on the award of the court from the date of sale rather than from the date of rendition of the final decree which stated the amount due between the parties.

Some assignments of error argued by appellant concern various credits alleged to be due him against the award made to appellee by the court. The record, as we have observed, is voluminous—as are the briefs of counsel. It would serve no good purpose to discuss these assignments separately, but we have examined each credit alleged to be due appellant and have gone to the record to resolve the conflicting claims. We are of the conclusion, as was the trial court, that both appellee and appellant have received their full share of the partnership assets, except the 49% due appellee from the sale of the business, and are unwilling to overturn the conclusion reached below.

■ Next, appellant argues for a reversal the taxing of all costs against him incurred in the lower court, and not apportioning them among the parties. Costs may be imposed in the discretion of the court of equity and usually costs will be taxed in favor of the prevailing party. We find no abuse of discretion nor error in the court taxing the costs below against appellant. But when on appeal substantial changes are made in the decree to the advantage of appellant, the appellant should not bear all the costs necessary to get the benefit of the changes by appeal and the

costs of appeal should be taxed proportionately against each of the parties. This will be ordered as hereafter appears.

Argument for reversal is next directed by appellant toward the ruling of the trial court in denying the plea of estoppel interposed by appellant. Appellant contends appellee is estopped to assert any claim against appellant on the grounds of consent, acquiescence, waiver, delay and inducement of the sale of the business. The character of estoppel here sought to be invoked is founded on morality and justice and good conscience, which will prevent one from assuming an inconsistent position where inequitable consequences would result to another who has the right and in good faith relied thereon. Estoppel is to be determined upon the facts and circumstances of each particular case.

■ We observed in Cosby v. Moore, 259 Ala. 41, 47, 65 So.2d 178, 182, that an estoppel cannot exist where the knowledge of both parties is equal, and nothing is done by the one to mislead the other. It usually presents itself when one person by his words, acts, conduct, or silence, induces another, on the faith thereof, to pledge his credit, incur a liability, or part with something valuable. It rests on the idea, that to allow such representation to be contradicted, would be a fraud on him who had thus acted, believing it to be true.

■ It was stated in Emerson-Brantingham Implement Co. v. Arrington, 216 Ala. 21, 26, 112 So. 428, that the issue which a plea of estoppel presents is not to determine the truth or validity of the particular facts pleaded, but the right and power of the party to insist upon them. Appellant strenuously insists the facts create an estoppel; yet from ought that appears from the record after studious examination, whatever relationship appellant and appellee had concerning the sale appears altogether to be casual, and no conduct or any positive act is shown on the part of appellee as would produce a forfeiture of his right to his share of the partnership assets or render it inequitable for him to assert it. It does not appear that appellant made the sale upon any misrepresentations made to him by appellee while being ignorant of the true facts. We find no error in the ruling of the trial court, who heard and saw the witnesses, that the underlying principles of estoppel in pais or an equitable estoppel are lacking.

As heretofore stated, the trial court erred in allowing interest at 6% from the effective date of the sale of the partnership assets. Interest should be allowed on the award from the date of rendition of the final decree.

It results from our conclusions that the trial court erred in figuring 49% of the capital sum, which figure should have been $12,568.50. The court also erred in allowing interest from the date of the sale of the partnership assets to the third party. Interest should have been allowed on the award from the date of the rendition of the final decree. The trial court will be directed to correct the final decree to the extent indicated. In all other respects the decree will be affirmed. So ordered.

The cause will be remanded to the lower court for carrying out of this decree.

Let the costs of the appeal be paid one-third by appellee and two-thirds by appellant.

Affirmed in part and in part reversed and remanded with directions.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.