# Vaughan *v.* Smith.

*Bill in Equity to Enforce Vendor's Lien on Lands.*

1. *Hearing before cause at issue; when not an error available on appeal.* While it is erroneous to proceed in a court of equity to the taking of testimony, and to a hearing before the cause is at issue as to one of the defendants; yet, if this error is committed through the complainant's fault, it will not be available to him in this court on an appeal taken by him.

2. *Register's report; when he need not report evidence taken before him.* Under a decree of reference directing an account, and that the register report his conclusions upon the matters of fact referred to him for ascertainment, such conclusions form the only proper subject-matter of his report; and it is not his duty to report the oral evidence taken before him on the reference and reduced to writing, or the facts shown thereby, from which his conclusions were drawn.

3. *Exception to register's report; its office.*—The appropriate function of an exception to a register's report, is to point out distinctly and clearly the error, or matter complained of as error. A mere general objection to the rulings or conclusions of the register, or to the results attained by him in the statement of an account, can not be entertained.

4. *Same; failure to note evidence relied on; its effect.*—Where a party has failed to note at the foot of an exception taken by him to a conclusion of fact reported by a register, the evidence or parts of evidence on which he relies to support his exception, under the 93d Rule of Chancery Practice, the exception should be overruled.

[Vaughan v. Smith.]

5. *Register's report; when should not be disturbed.*—Where the conclusions of the register are drawn not only from depositions, but also from. the oral examination of witnesses before him, the same weight and effect ought to be accorded to his findings as would be given to the verdict of a jury. If from the whole evidence it be a matter of reasonable doubt whether his findings are correct, they should not be disturbed.

6. *Computation of interest; the statute furnishes the only rule.*—Where partial payments have been made, the statute furnishes the only rule which can be recognized for the computation of interest,—the interest due is first to be paid, and the balance applied to the payment of the principal. (Code of 1876, § 2091.)

Appeal from Tallapoosa Chancery Court.

Heard before Hon. N. S. GRAHAM.

The bill in this cause was filed by the appellant against. George W. Smith, George M. Gamble and another, the appellees, for the purpose of enforcing a vendor's lien on certain lands, which Gamble sold to Smith for ten bales of cotton, for the delivery of which he took Smith's two written obligations,. one for the delivery of five bales on 25th December, 1869, and the other for the delivery of five bales on 25th December, 1870. Gamble reserved the title to the lands, and only executed to Smith his bond for title on the delivery of the cotton. Several years after the maturity of the obligations Gamble assigned them to the appellant. Gamble failed to appear, and no decree *pro confesso* was taken against him. Smith and the other. appellee, who was a sub-purchaser under Smith, answered insisting that the purchase-money had been fully paid. On the hearing a decree of reference was entered, the provisions of which, as well as the other facts in the case, are sufficiently stated in the opinion.

JOHN A. TERRELL, for appellant.

W. D. BULGER, *contra.*

BRICKELL, C. J.—It was erroneous to proceed to the taking of testimony, and to a hearing, without the cause being at issue as to the respondent Gamble. The error was committed through the fault of the appellant, is not of injury to him, and is not available to reverse the decree at his instance.

There was a reference to the register, to ascertain what balance, if any, was unpaid on the contracts for the delivery of the cotton as the price of the lands. The register was instructed on the reference, to consider the testimony on file, " and all competent and legal evidence, whether oral or written, that. may be offered by either party, tending to ascertain the amount and dates of all payments made by said Smith, and received by said Gamble or the complainant on said notes," and to report

[Vaughan v. Smith.]

" his conclusions and rulings, and the evidence on said rulings."
The reference was had, witnesses were examined orally before
the register, and he reported as his finding and conclusion from
all the evidence, that there was an unpaid balance on the con-
tracts of one hundred and six 5-100 dollars.   The complainant
excepted to the report because the register did not adopt and
pursue the statutory mode of computing interest—did not,
when the partial payments were sufficient, apply them first to
the payment of interest, but computed interest on such pay-
ments from the time they were made to the taking of the ac-
count.   The appellee, Smith, filed several exceptions to the
conclusions and rulings of the register, but not accompanied
with any note of the evidence or parts of the evidence relied
upon to support them.   On the exceptions the cause was heard
by the chancellor, and without passing upon them, or review-
ing the evidence, he reached the conclusion that the contracts
had been fully paid, and a decree was rendered dismissing the
bill.

The register was required to report only his conclusions upon
the matters of fact referred to him for ascertainment.   The
oral evidence taken before him and reduced to writing, it was
not his duty to report; nor was it his duty to report the facts
of it, from which his conclusions were drawn.   The conclusions
reached by him formed the only proper subject-matter of the
report, and this, with a statement of the account between the
parties, is embodied in the report.—*Kirkman v. Vanlier*, 7
Ala. 217; *Mahone v. Williams*, 39 Ala. 202.   The appropriate
function of an exception to a register's report is to point out
distinctly and clearly the error, or matter complained of as
error.   A mere general objection to the rulings or conclusions
of the register, or to the results he may reach in the statement
of an account, can not be entertained.—*Alexander v. Alexan-
der*, 8 Ala. 796; *O'Reilly v. Brady*, 28 Ala. 530.   The pres-
ent rule of practice requires, that when exceptions are taken to
conclusions of fact drawn by a register, the party excepting
shall note at the foot of each exception the evidence or parts of
evidence relied upon to support the exception, and the oppo-
site party may note such of the evidence as he deems material
to the inquiry.   No other parts of the evidence than such as are
there noted, come necessarily before the chancellor.—Rule 93
Ch. Pr., Code of 1876, p. 174.   The exceptions to the report
of the register filed by the appellees, were too general, and were
not accompanied by a note of the evidence in support of them.
There was no event in which they could have been sustained,
and they should have been overruled.

The exceptions of the complainant ought to have been sus-
tained, and so the chancellor decreed.   The error in the com-

[Vaughan v. Smith.]

putation of interest was apparent on the face of the report. The statute furnishes the only rule which can be recognized for the computation of interest, where partial payments are made,— the interest due is first to be paid, and the balance applied to the payment of the principal.—Code of 1876, § 2091.

The register on the reference and in the report followed the instructions in the decree of reference. The only error apparent on the face of the report is in the computation, or rather the mode of computing interest adopted by the register. The exceptions taken by the appellees were insufficient to bring before the chancellor the matters referred to in them. If it were proper, in this condition of the cause, for the chancellor to inquire into the findings of the register upon the questions of fact referred to him, all reasonable presumptions ought to have been indulged to support them. These conclusions were drawn not only from depositions, but from the oral examination of witnesses, and the weight and effect ought to have been accorded to the findings of the register which would have been given to the verdict of a jury. If from the whole evidence it be matter of reasonable doubt, whether the findings are correct; if there be evidence supporting them, and from the evidence different persons equally impartial and intelligent might entertain different opinions, the findings ought not to have been disturbed.—*Kinsey v. Kinsey*, 37 Ala. 393; *Mahone v. Williams*, 39 Ala. 202. In *Harding v. Handy*, 11 Wheaton, 126, cited approvingly in *Mahone v. Williams*, *supra*, it was said by MARSHALL, C. J.: "It may be observed generally that it is not the province of a court to investigate items of an account. The report of the master is received as true when no exception is taken; and the exceptions are to be regarded, so far only as they are supported by the special statements of the master, or by evidence which ought to be brought before the court, by a reference to the particular testimony on which the exceptor relies. Were it otherwise, were the court to look into the immense mass of testimony laid before the commissioner, the reference to him would be of little avail. Such testimony, indeed, need not be reported further than it is relied on to support, explain, or oppose a particular exception." The conclusions of the register, that a balance of the purchase-money of the lands remained unpaid, are not wholly insupported by the evidence, and there was no sufficient reason for disregarding them, if, in the absence of exceptions, they could have been reviewed. The chancellor ought to have accepted them as correct and rendered a decree in conformity to them.

The decree is reversed and the proper decree will be here rendered.