# Crump *v.* Crump.

### *Bill in Equity to Enforce Vendor's Lien.*

1. *Exceptions to master's report.*—Where a party excepting to the register's report fails to comply with the 93d Rule of Chancery Practice, requiring the noting of evidence at the foot of each exception to conclusions of fact drawn by the register, the chancellor commits no error in overruling the exception entirely.

APPEAL from Etowah Chancery Court.

Heard before Hon. H. C. SPEAKE.

This was a bill by the appellee, against the appellant, to enforce a vendor's lien on certain lands for unpaid balance of purchase-money. On the hearing, a decree was rendered granting relief, and ordering a reference to the register to ascertain and report the balance due on such purchase-money. To the register's report the appellant filed numerous exceptions relating to conclusions of fact drawn by the register, but he failed to note the evidence, or parts of evidence, relied on by him at the foot of each exception, as required by the 93d Rule of Chancery Practice. The chancellor overruled his exceptions, and this ruling is here assigned as error.

J. L. CUNNINGHAM, for appellant.

DUNLAP & DORTCH, *contra*.

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—The exceptions taken to the report of the register, in this case, are not in accordance with the requirement of the 93d Rule of Chancery Practice. This Rule exacts of the party filing such exceptions, that he should note at the foot of each exception to conclusions of fact, drawn by the register, the evidence, or parts of evidence, upon which he relies in support of the several exceptions, with such designations and marks of reference, as to direct the attention of the court to the same. Where an appellant has failed to comply with this

[Ramsey v. Young.]

requirement, there is no error in the decree of a chancellor overruling his exceptions entirely.—*Mooney v. Walter, ante* p. 75.

Affirmed.