# Jones v. White.

### Bill in Equity to enjoin Foreclosure of a Mortgage.

1. *Equity practice; setting aside submission on register's report within the discretion of the chancellor.*—It is within the discretion of the chancellor to set aside, at the same term it is made, the submission of a cause for final decree on report of the register and exceptions to be thereafter interposed to such report; and the fact that there was a written agreement of counsel for such submission does not prevent the exercise of this discretion.

2. *Same; review of register's finding.*—On an appeal from a chancellor's decree overruling exceptions to the register's report on questions of fact upon the reference, where the evidence before the register was largely oral all reasonable presumptions will be indulged in favor of the register's decision upon the questions of fact; and the appellate court will not reverse unless the record clearly shows that the register's conclusion was erroneous.

29

[Jones v. White.]

APPEAL from the Chancery Court of Walker.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on January 29, 1894, by the appellant, J. B. Jones, against the appellee, Jourd White, to have enjoined the foreclosure of a mortgage on land by sale under the power contained therein, on the ground that the mortgagor, who was complainant in the bill, had paid the mortgage debt in full. On the filing of the bill a temporary injunction was granted. The defendant answered the bill denying payment of the mortgage debt, and upon the hearing of the cause the court rendered a decree ordering the register to hold a reference in order to ascertain and report the amount due on the mortgage debt. The register held the reference so ordered and reported that there was nothing due on the mortgage debt. On the making of this report the parties, by their solicitors, entered into a written agreement on October 25, 1894, that the case be submitted upon final decree, upon said report and the pleadings and the proof as noted by the register. On the same day to-wit, October 25, 1894, the chancellor *ex mero motu* rendered a decree setting aside said report and ordering another reference to the register, in order that he might report the amount due on the mortgage debt. The register proceeded to hold this reference and made his report thereon, in which he stated that there was a balance due from the complainant to the defendant. The complainant filed exceptions to this report, and on the submission of the cause the chancellor rendered a final decree overruling the complainant's exceptions, confirming the report of the register, dissolved the preliminary injunction, and ordered the lands sold for the payment of the balance ascertained to be due from the complainant to the defendant on the mortgage debt.

The complainant appeals, and assigns as error the decree of the chancellor setting aside the first report of the register and the final decree.

APPLING & McGUIRE, for appellant.

W. H. SMITH and J. B. SANFORD, *contra.*

McCLELLAN, J.—It was clearly within the discretion of the chancellor to set aside the submission of the

[Jones v. White.]

cause entered on October 25, 1894, for final decree on report of the register and exceptions to be thereafter interposed thereto, notwithstanding there was a written agreement of counsel for such submission, the order setting it aside being made at the same term, and, indeed, on the same day, of the submission. The chancellor may have had very good reasons for this course which would not appear here—for instance, that the written agreement was made, as it appears on its face to have been made, at Fayette, but that after the submission at Jasper the parties consented to its being set aside and to another reference, because no testimony had been adduced before the register by one of the parties ; and these are stated in the counter abstract to have been the facts, though, as they do not appear in the transcript, we hypothesize them in this connection merely as an illustration of the necessity for a large discretion on the part of the chancellor in matters of this kind.

The other exceptions to the second report of the register are hardly stated with the clearness and particularity required by the rule in that behalf.—Code of 1886, p. 827, Rule 93 ; *Mahone v. Williams*, 39 Ala. 202, 221 ; *Mooney v. Walter*, 69 Ala. 75.

But we have examined the evidence upon which the register formulated his report ; and, to say the least, we cannot affirm that the chancellor erred in overruling the exceptions and confirming the report. The evidence before the register, consisting for the most part of the oral testimony of witnesses, and being presented to the chancellor and here in written form, the rule laid down in *Woodrow v. Hawving*, 105 Ala. 240, and also the general rule to be observed in reviewing findings of fact by the register on reference, *Mahone v. Williams, supra,* required the chancellor and require us to indulge all reasonable presumptions in favor of the register's decision upon questions of fact, such as those now under consideration, and not to reverse it unless clearly satisfied that it is wrong. And certainly the application of this rule in the present case must result in approval of the register's findings and the chancellor's confirmation of his report.

This conclusion would be reached if the deposition of White taken on written interrogatories were not and had not been in the case. So that appellant can take noth-

ing by his exception to the use of that deposition before the register.

Affirmed.