# Campbell *v.* H. B. Claflin Co.

*Bill in Equity for the Appointment of a Receiver.*

1. *Equity pleading; how exceptions to register's report should be reserved; when not reviewed.*—The appropriate functions of an exception to a register's report is to point out distinctly and clearly the matter complained of as error; and a mere general objection to rulings or conclusions of the register or to the results attained by him in the statement of an account or the making of a report, will not be entertained.

APPEAL from the Chancery Court of Madison.
Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellee as a creditor of A. R. Campbell, doing business as A. R. Campbell & Co., mentioned in the deed of general assignment made by A. R. Campbell for the benefit of creditors; and prayed for the appointment of a receiver to conclude the administration of a deceased trustee. There was a receiver appointed, and a special register was also appointed to ascertain the amount of the claim and the

largest creditor of the trust estate, and to ascertain and report a reasonable compensation to be allowed the receiver, and a reasonable compensation to be allowed his solicitor as a fee. The special register made his report, and to this report the respondent filed several exceptions.

On the submission of the cause upon the exceptions filed to the special report, the chancellor rendered a decree overruling the exceptions and confirming and ratifying the report of the register. The appeal in this case is prosecuted from said decree, and the rendition thereof is assigned as error

The facts necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

JOHN B. CABANISS, for appellant, cited Code, § 743; Beach on Receivers, § 672; *McGehee v. Copperthwaite,* 10 Ala. 966.

COOPER & FOSTER, *contra,* cited Code, §§ 426, 439; *Carey v. McDougold,* 25 Ala. 109; *Montgomery Gas Co. v. Merrick,* 61 Ala. 504; *England v. McLaughlin,* 35 Ala. 590.

TYSON, J.—We must decline to enter upon a consideration of the question as to whether the receiver was properly or improperly appointed. This appeal is not from the order of the court appointing him and the propriety of that order is not here involved. If appellant felt aggrieved by the appointment he should have, as he had a right to do, prosecuted an appeal under section 429 of the Code.

The decree appealed from is the one rendered on the 30th day of March, 1900, overruling certain exceptions taken by appellant to the special register's report to whom had been referred the matter of ascertaining and reporting what would be a reasonable compensation to be paid the receiver in and about the administration of the trust, including his solicitor's fees, etc., etc. The register reported that a reasonable compensation for ser-

[Campbell v. H. B. Claflin Co.]

vices rendered by the receiver is five hundred and twenty-five and 23-100 dollars and for services rendered. by his attorney three hundred dollars. The exceptions taken were in the form of an objection to the entire report. They seem to have been framed upon the theory that the receiver was not entitled to any compensation whatever. The grounds of objection taken are, inaccuracies in his accounts; incorrectness of statement in a certain petition filed by him; failure to obey certain orders of the court; partiality in the administration of the trust and negligence in the management of it.

The function of an exception to a register's report is to point out distinctly and clearly the error or the matter complained of as error.—*Vaughan v. Smith*, 69 Ala. 92; *Powers v. Dickey*, 49 Ala. 81. In *O'Reilly v. Brady*, 28 Ala. 534, it is said: "An exception to the report of a master is in the nature of a special demurrer, and the party objecting must put his finger on the error; otherwise, the part not excepted to may be taken as admitted."

The exceptions as taken are really not insisted upon here. The only insistence made in brief of appellant's counsel is that the compensation of the receiver in this case is regulated by section 4169 of the Code. Whether this be true or not, we must decline to decide. The point is not presented by the exceptions, and was presumably not passed upon by the chancellor.

The remaining assignments of error is predicated upon exceptions taken to the allowance for services rendered by the receiver's solicitor. The insistence in argument is that no compensation should be allowed because his solicitor represented the debtor, some creditors and the receiver also. However this may be, the register's report shows that the amount of this compensation was fixed by agreement of all parties in interest.

Affirmed.