# Harper *v.* Raisin Fertilizer Co.

### *Bill to Foreclose Mortgage.*

(Decided Nov. 22, 1906. 42 So. Rep. 550.)

1. *Appeal; Review; Assignment of Error; Sufficiency.*—The assignment of error was; "The court below erred in rendering a personal judgment against appellant of which he had no notice." The only insistence in brief of counsel was; "Because he had no notice of the motion." Held, an insufficient insistence to require a decision.

2. *Same; Decree on Register's Report; Finding of Register.*—A decree overruling exceptions to a register's report will not be reversed, unless it clearly appears from the record that his findings are erroneous. Assignments of error and exceptions as to such report must point out distinctly and clearly the matter alleged to be error, and proper reference made to the parts of the evidence relied on to sustain it.

3. *Same; Error Waived in Appellate Court; Failure to Brief.*—Assignments of error which are not discussed in brief of counsel will not be considered on appeal.

APPEAL from Coffee Chancery Court.

Heard before HON. W. L. PARKS.

This was a bill filed by appellee against appellant to foreclose a mortgage assigned to them and given by appellant to one J. B. Harper. A foreclosure was decreed, and the land sold to satisfy the decree. After a confirmation of the sale, the land having failed to bring enough to pay the amount of the mortgage debt as ascertained by the decree of the chancellor on the report of the register, the complainant moved for a judgment over for the balance of the mortgage debt remaining unpaid. On the 6th day of February, 1904, a personal judgment was rendered against appellant in the sum of $2,089. There were several assignments of error predicated upon the overruling by the chancellor of exceptions reserved by appellant to the report of the register on reference to ascertain the amount due under the mortgage. These assignments have reference to certain offsets and credits claimed by appellant against the original mortgagee, but they are not stated specifically, nor are they briefed.

H. L. MARTIN, for appellant.—Counsel discuss assignment of error but cite no authoritties.

J. F. SANDERS, and SOLLIE & KIRKLAND, for appellee. —Counsel discuss assignment of error but cite no authority.

HARALSON, J.—The last assignment of error, that the "court below erred in rendering a personal judgment against appellant, of which he had no notice," is insist-

ed on in argument, simply on the ground, without more, "because he (R. Harper) had no notice of the motion." This suggests no more, than the assignment of error itself suggests and can scarcely be said to be an insistence in argument. Moreover, no motion was required. The decree over was within the lis pendens.—Code 1896, § 859; *Wells v. Mortgage Co.,* 123 Ala. 413, 26 South. 301.

Again, the transcript shows, that said Harper had notice of the execution of the reference by the register. He was present, took part and was examined as a witness in his own behalf.

2. As to appeals from the chancellor's decree, overruling exceptions to the register's report, the well-settled rule is, that the appellate court will not reverse, unless the record clearly shows, that the register's conclusions are erroneous.—*Mahone v. Williams,* 39 Ala. 203; *Warren v. Lawson,* 117 Ala. 339, 23 South. 65. The rule requires the chancellor, and requires us to indulge all reasonable presumptions in favor of the register's decision on questions of fact, such as the ones we have now under consideration, and not to reverse it unless clearly satisfied it is wrong.—*Jones v. White,* 112 Ala. 451, 20 South. 527. "The appropriate function of an exception to the register's report is, to point out distinctly and clearly the error, or matter complained of as error. A mere general objection to the rulings or conclusions of the register, or to the results he may reach in the statement of an account, cannot be entertained."—*Vaughan v. Smith,* 69 Ala. 94; *Winter v. Banks,* 72 Ala. 410.

Again, exceptions to the register's report under a reference, not accompanied with proper references to those parts of the evidence relied on to sustain them, as required by the rule of chancery practice, 94, are properly overruled.—*State v. McBride,* 76 Ala. 52; *McQueen v. Whetstone,* 127 Ala. 417, 30 South. 548.

"An exception to the report of a master is in the nature of a special demurrer, and the party objecting must put his finger on the error; otherwise, the part not excepted to may be taken as admitted."—*Campbell v. Claflin,* 135 Ala. 527, 33 South. 275.

The assignments of error, and the exceptions themselves, do not conform to the rules as thus laid down.

3. Moreover, there was abundant testimony to support the findings of the register, as to the various items making up the account between J. B. and R. Harper upon the mortgage debt, and also to support his findings as to the various debts claimed thereon, including the credits claimed by R. Harper which were disallowed. The evidence of those two persons before the register tends to sustain this view. We will not disturb the decree of the chancellor.

4. Aside from all this, however, what purports to be the brief of appellants' counsel filed in the cause, does not conform to rule 10 of Supreme Court practice, and with the possible exception of the second point therein, cannot be regarded as an insistence in argument. Briefs of counsel should go to all points assigned as error, and assignments of error not discussed in brief will not be noticed or considered by the court.—*A. M. Ry. Co. v. Johnson*, 123 Ala. 198, 26 South. 160; *Williams v. Spragins*, 102 Ala. 424, 15 South. 247; 3 Mayfield's Dig. p. 133.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.