[McGuire v. Appling.]

# McGuire *v.* Appling.

## *Bill for Settlement of Partnership.*

(Decided Nov. 26, 1908. 47 South. 700.)

*Equity; Reference; Report; Exceptions.*—Rule 94, Chancery Practice, is not sufficiently complied with, so as to bring up for review the exceptions to the report of the register, where the exceptions to items in the report are made upon a separate sheet of paper without date of filing or of designation of the interest in the matter of the person by whom it is taken, and which specifies the items by number on a separate sheet of paper containing the statement "reference to evidence to support exceptions" followed by a statement of the number of exceptions, and the evidence relied on to support the exceptions; nor was such a reservation a sufficient compliance with said rule.

APPEAL from Walker Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by Mattie W. Appling, as executrix of the estate of W. B. Appling, against S. J. McGuire, as administratrix of the estate of J. H. McGuire, for a settlement of the partnership affairs of the partnership formerly existing between W. B. Appling and J. H. McGuire. From a decree for complainant, respondent appeals. Affirmed.

Upon reference the register stated the condition of the accounts, finding that there was due Mrs. Appling as executrix by the partnership $2,225.16. McGuire excepted to certain items in the report of the register, specifying the particular items by number, and on a different sheet of paper is found the following: "Reference to evidence to support exceptions." And following this is stated the number of exceptions and the evidence relied on to support the exceptions. The exceptions are signed by the solicitor for the appellant and marked: "Filed Oct. 16, 1907." There is no date of filing on the paper purporting to be reference to evidence to support the exception, and it is signed "J. D. Acuff," without designation as to his interest in the matter.

J. D. ACUFF, DANIEL COLLIER, and J. A. McGREGOR, for appellant. Counsel discuss assignments of error but without citation of authority.

LACY & LACY, and BANKHEAD & BANKHEAD, for appellee. No brief came to the Reporter.

DENSON, J.—Rule 94 of chancery practitce (Code 1896, p. 1222) prescribes the manner in which exceptions to the report of the register shall. be filed. It requires that "it shall be the duty of the solicitor filing the same to note at the foot of each exception to conclusions of facts, drawn by the register, the evidence or parts of evidence he relies on in support of the exceptions, with such designation and marks of reference as to direct the attention of the court to the same." It is .obvious that the exceptions of the respondent (appellant) fail to comply with the rule. Even if the paper found on page 314 of the record might be considered in connection with the exceptions to the report of the register, still it would fall short of a compliance with the requirements of the rule, when considered in the light of our decisions construing that rule.—*Woodruff v. Smith,* 127 Ala. 65, 28 South. 736; *Vaughan v. Smith,* 69 Ala. 92, 94; *Crump,* 69 Ala. 156; *Mooney v. Waller,* 69 Ala. 75; *Warren v. Lawson,* 117 Ala. 339, 23 South. 65. It is well established by our decisions that, when this rule of chancery practice has not been complied with, we cannot review the chancellor's decree on exceptions to the register's report. Authorities, supra.

The only grounds in the assignment of errors insisted upon in brief of appellant's counsel relate to the decree in respect to appellant's exceptions to the register's report. It follows, therefore, that the decree of the chancellor must be affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and SIMPSON, JJ., concur.