[Curtis v. Curtis.]

# Curtis *v.* Curtis.

*Bill to Reform Instrument and Foreclose Mortgage.*

(Decided November 19, 1912.   60 South. 165.)

1. *Equity; Report of Register; Exceptions.*—Where Rule 93, Chancery Court Practice, was not complied with, and the chancellor overruled the exceptions to the register's report, an appellate court is under no duty or obligation to search the record to determine whether the exceptions were well taken.

2. *Usury; Compound Interest.*—Where the register merely accepted a charge of compound interest against a defendant erroneously in ascertaining the amount due under the mortgage, the judgment containing such erroneous charge was not thereby rendered usurious, although it was erroneous.

3. *Mortgages; Foreclosure; Debt Secured; Insurance Premiums.*— Where the mortgage contained no provisions for insuring the property at the expenes of the mortgagor and there was no evidence of a subsequent agreement authorizing the mortgagee to insure at the mortgagor's expense it was not proper to include in the foreclosure decree a charge of an insurance premium paid by the mortgagee.

4. *Same; Error in Account; Effect.*—Where the amount obtained for the mortgaged property at a sale was less than the actual amount of the mortgage indebtedness, the fact that the decree contained erroneous items was not ground for setting aside the sale, but afforded ground merely for an appropriate reduction of the deficiency judgment.

APPEAL from Wilcox Chancery Court.

Heard before Hon. THOS. H. SMITH.

Bill by A. B. Curtis, against M. E. Curtis, to reform a certain transfer of a note and mortgage and to foreclose the mortgage. From the decree confirming the report of the register and the foreclosure proceedings, respondent appeals. Modified and affirmed.

JONES & MABRY and W. W. QUARLES, for appellant. It is respectfully submitted that in effect in substance and in spirit Rule 93 of Chancery Practice was complied with.—18 Enc't Pl & Pr., 1262; 98 Calif. 134; 76 Ala. 51; *Stewart v. Cross,* 66 Ala. 22, 132 Ill., 112.

The court properly decreed A. B. Curtis the mortgagee in possession.—*Allen v. Keller*, 69 Ala. 442; *Davis v. Lasseter*, 20 Ala. 561; *Penny v. Miller*, 136 Ala. 599. As such he cannot be credited or allowed any compensation for his time and trouble in managing the property.—27 Cyc. 1846; Jones on Mortgages, 101. Being an agent Curtis was held to the strictest honesty and good faith.—31 Cyc. 1432-1434, 1442. The court erred in including the insurance premium as no provision was made for it by the mortgage.—15 A. & E. Ency of Law, 823; 70 Ill. 581; 2 Jones on Mortgages, 105. A. B. Curtis was chargeable with the rent for the pasture.— *A. F. L. M. Co. v. Pollard*, 132 Ala. 161; *Dozier v. Mitchell*, 65 Ala. 519. Curtis is also chargeable with waste.— 27 Cyc. 1271; 79 Ala. 192; 70 Ala. 260; 85 Ala. 495; 132 Ala. 161. He is also chargeable with the rental value of the land.—139 Ala. 211. The ledger accounts show over a thousand dollars usurious interest.—*Darden v. Scheussler*, 164 Ala. 372. The whole interest should therefore be abated.—96 Ala. 371; 32 Ala. 459; 28 Ala. 598; section 4623, Code 1907.

HOWARD & JONES and N. D. GODBOLD, for appellee. Rule 93 Chancery Practice was not complied with and this court is not required to investigate the record to ascertain whether the register's report was correct or not as the chancellor had upheld it.—*Warren v. Lawson*, 117 Ala. 39; *Vaughan v. Smith*, 69 Ala. 92; *Woodruff v. Smith*, 127 Ala. 65. The function of an exception to a register's report is to point out distinctly and clearly the error or the matter complained of.—*Campbell v. Claflin*, 135 Ala. 529; *Vaughan v. Smith, supra*. As to the presumptions to be indulged on the findings of the register see *Munden v. Bailey*, 70 Ala. 63; *Glover v. Hembry*, 82 Ala. 324; *O'Neal v. Perryman*, 102 Ala.

522; *Anniston L. & T. Co. v. Ward,* 108 Ala. 85; *McLean v. Whetstone,* 127 Ala. 417. No exceptions were filed to the allowance of the finding for insurance premiums until quite a while after the time had elapsed which was an admission of the correctness of the finding.— *O'Reilly v. Brady,* 28 Ala. 534. Counsel discuss the evidence and insist that if infected with error the decree was not thereby rendered erroneous as to require a reversal but was self correcting.

SAYRE, J.—It is not necessary to state the case made by the original and cross bills. In its preliminary decree, which settled the merits in a general way, the chancery court ordered a reference for the ascertainment of the balance due from appellant to appellee, directing that the appellee be treated as a mortgagee in possession of the mortgaged premises before foreclosure. Appellant affirms that this method of treating the cause was clearly right. Appellee does not complain. Those questions which the appeal seeks to bring under review arose on exceptions to the register's report. So far as the rulings and conclusions objected to involved questions of fact, as all of them did, we might well refuse to review them for the reason that in filing the exceptions there was not the slightest effort to observe rule 93 of chancery practice, which requires that at the foot of each exception to conclusions of fact, drawn by the register, the evidence, or parts of evidence, relied on in support of the exception shall be noted, with such designation and marks of reference as to direct the attention of the court to the same. The chancellor, nevertheless, while noting their lack of compliance with the rule, observed that he had considered appellant's exceptions and in his decree held them for naught. The report was

[Curtis v. Curtis.]

in all things confirmed. And now the insistence is that this court ought to review the register's findings.

By the terms of the rule, the chancellor in considering exceptions need not examine testimony not noted, and, of course, he need not consider exceptions to which no testimony is noted. Had the chancellor sustained any of these exceptions, a different question, to be determined upon different considerations, would be presented; but, since the presumption in favor of the register's report has the added weight of the decree of confirmation, the chancellor's investigation might well be treated as a voluntary contribution to the labor of the cause which no rule of law or proper practice requires this court to repeat. The reasons for this conclusion are presented with clearness in *Warren v. Lawson,* 117 Ala. 339, 23 South. 65, and need not be repeated. They are very well illustrated in this case, where we are asked to examine 225 pages of testimony on numerous exceptions in which no attempt whatever is made to point out those parts of the testimony affecting the several questions asked.

Counsel for appellant file here a brief, which they say was filed with the chancellor, and of course it was, and in which they undertook to point out the testimony as the rule required them to do in their exceptions, and in briefs now filed reasons are shown why the rule was not followed. The fact is that parties were given ample time, and, if the equity of the case required it, could doubtless have had more. However that may be, it is impossible for us for a moment or for any purpose whatever to look outside the record. We must therefore treat appellant's failure to comply with the rule as the result of inadvertence.

Nevertheless, not doubting that the court may, if so disposed, consider of its own motion the true state of

an account that has been stated between parties by its accounting officer, even though parties have failed to invoke its attention in the method pointed out by the rule, we have caused the voluminous record in this case to be read for our information. Let it be noted, however, that this has been done out of consideration to the earnest insistence of appellant that the general result of the rulings below is far wide of a true statement of the account between the parties, not that we have felt in duty bound to exercise greater diligence for parties than they were willing to exercise for themselves. A casual reading of the account as stated by appellee, and adopted by the register, for the years prior to 1898, has been enough to disclose the fact that interest was compounded against appellant. But there was no contract for usurious interest. There was merely a wrongful charge of interest by appellee, accepted by the register, and whether intentional or merely erroneous on the part of appellee—it was of course merely erroneous on the part of the register—that does not constitute usury.

In its decree of reference the court indicated its opinion that appellee was entitled to charge into appellant's mortgage debt any sum he may have expended for insurance of the property. There is reason to suppose that on the execution of the reference the parties treated this as a direction by the court as a proper one. The register so accepted it. After numerous exceptions had been filed within the time allowed by an order of the court, deficient, however, in the respect already noticed, and after the time limited for the filing of exceptions had expired, and, so far as appears of record, without any order of court granting further time, appellant filed, along with others, an exception to the allowance of an item of $60 on account of an insur-

[Curtis v. Curtis.]

ance premium paid by appellee. Whether the chancellor considered this exception as he did others we are not informed. The charge was error. The mortgage contract contained no provision for the insurance of the property at appellant's expense. There was no evidence of a subsequent agreement to that fact. In 27 Cyc. at page 1261, the rule for such cases is stated as follows: If there is no provision in the mortgage requiring the mortgagor to keep the property insured, or authorizing the mortgagee to do so, the latter cannot charge the mortgagor with premiums paid by him for insurance taken out for his own interest and benefit.

Stating the account as it should have been stated, by eliminating the items of insurance premium and improper interest charges, but allowing to appellee interest at the legal rate, we have found the balance due on the mortgage debt at the date of the confirmation of the register's report, April 14, 1911, to have been $7,306.39, which includes interest to the amount of $1,742.66, instead of $8,208.92 plus interest for one year, as decreed by the chancellor.

Before an appeal was taken the decree of foreclosure had been executed, the property sold for $5,000, the sale confirmed, and a deed ordered to the appellee, who had purchased. Since then he has been in possession under that decree. The amount brought by the property being less than the amount of the indebtedness, we think the errors found in the account, which would have been corrected by the chancellor had his attention been called to them in a proper way, should not be allowed to disturb the foreclosure. The decree will be corrected in respect to the total indebtedness ascertained and the amount of the judgment over, without disturbing the title acquired under the foreclosure sale, and as corrected will be affirmed.

Corrected and affirmed. All the Justices concur.