(96 South. 246)

### Ex parte CAIRNS.   (6 Div. 837.)

(Supreme Court of Alabama.   May 3, 1923.)

**1. Divorce ⬤⟾209—Bona fide bill by wife for divorce from bed and board entitles her to reasonable alimony pendente lite.**

A bona fide bill by a wife lawfully married for divorce from bed and board entitles her to reasonable alimony pendente lite.

**2. Divorce ⬤⟾280—No appeal from interlocutory decree fixing alimony pendente lite.**

No appeal lies from an interlocutory decree fixing the amount of alimony pendente lite.

**3. Mandamus ⬤⟾52—Proper remedy to compel correction of interlocutory decree fixing alimony pendente lite.**

Mandamus is the proper remedy to compel correction of an interlocutory decree fixing the amount of alimony pendente lite.

**4. Equity ⬤⟾410(4)—Exceptions to register's report properly overruled where evidence in support thereof is not noted as required by statute.**

When a party filing exceptions to a register's report fails to note, at the foot of each exception, the evidence relied on in support thereof, with such designations and marks of reference as to direct the court's attention thereto, as required by Code 1907, p. 1556, rule 93, and Code 1907, § 3161, the court will not err in overruling the exceptions entirely, all reasonable presumptions being indulged to sustain the register's decision and conclusions of fact.

---

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] *Ante,* p. 110.

**5. Mandamus ⬅154(2)—Decree assigning no reason for overruling exceptions to register's report not disturbed in absence of showing of error by petitioner.**

A decree overruling exceptions to and confirming a register's report, without assigning any reason, will not be set aside on petition for writ of mandamus, in the absence of a showing of error by petitioner, as the ruling may have been based entirely on his failure to observe rule 93 (Code 1907, p. 1556), requiring notation of, and reference to, evidence relied on in support of each exception.

**6. Divorce ⬅269(2)—Husband failing to pay alimony may be cited, on wife's application, to show cause why he should not be adjudged in contempt.**

When a husband fails to pay alimony pendente lite as directed by a decree, the court, on the wife's application, may cite him to appear and show cause why he should not be adjudged in contempt.

Gardner, J., dissenting in part.

Original petition by Thomas C. Cairns for mandamus, etc., to Hon. Wm. M. Walker, as Judge of the Circuit Court of Jefferson County. Writs denied, and petition dismissed.

Erle Pettus and Roy McCullough, both of Birmingham, for petitioner.

Mandamus is the proper remedy. Ex parte Eubank, 206 Ala. 8, 89 South. 656; Ex parte Edwards, 183 Ala. 659, 62 South. 775. In a suit merely for separation, alimony is not a matter of right. Brady v. Brady, 144 Ala. 416, 39 South. 237; Brindley v. Brindley, 121 Ala. 430, 25 South. 751; 19 C. J. 206; Snider v. Snider, 179 Ind. 583, 102 N. E. 32. The court having ordered a re-reference, it was the duty of the register to have permitted the examination of witnesses. Code 1907, § 3159; Brady v. Brady, supra; Ortman v. Ortman, 203 Ala. 170, 82 South. 417.

Harsh, Harsh & Harsh, of Birmingham, for respondent.

No brief reached the Reporter.

MILLER, J. This is a petition by Thomas C. Cairns, verified by affidavit, for writ of mandamus for this court to review a decree of the circuit court in equity confirming the register's report fixing alimony pendente lite for the wife, May V. Cairns at $350 per month from December 15, 1922, and for this court to annul the decree or to reduce the amount of the alimony. Petitioner also seeks to annul, vacate, and set aside an order of the court citing Thomas C. Cairns to appear and show cause, if any, why he should not be punished for contempt for failing to pay the $350 per month to his wife as the decree directed. In addition to the above amount, the wife was permitted by the register's report and the decree to occupy the premises now used by her and the minor children as the homestead.

Thomas C. Cairns and May V. Cairns were married July 26, 1900. They have four children. One of whom, Mary Mae, is married, and the other three are minors, Frank G. being 18, Thomas, Jr., 15 and Anna Belle 12 years of age.

On August 26, 1922, May V. Cairns filed a bill of complaint against Thomas C. Cairns, by which she sought a divorce from his bed and board, but not an absolute divorce, alimony pendente lite and permanent alimony, and support and maintenance for the three minor children. The relief desired is based by her on alleged grounds of cruelty, in words, voluntary abandonment of bed, and adultery.

Demurrers to the bill were filed by the defendant, petitioner here, and have not been passed on by the court.

The court ordered a reference to ascertain the estate of complainant, estate of the defendant, reasonable sum to be allowed as alimony pendente lite, and reasonable sum to be allowed as solicitor's fee for complainant pendente lite. The register in his report failed to fix the amount of complainant's estate, but fixed defendant's estate in excess of $100,000, and fixed alimony pendente lite at $350 per month, but failed to state whether complainant could retain and use the residence in addition to the $350 per month. The defendant filed exceptions to this report, some of which were sustained and others overruled by the court. The court ordered the register to report fully as to complainant's estate and the alimony pendente lite, such report to be made on testimony previously offered on the reference without taking any additional testimony.

The register on January 8, 1923, reported the estate of Mrs. Cairns was valued at approximately $4,000, consisting of diamonds, silverware, and wearing apparel, from which there is no income, and that complainant was entitled, as alimony pendente lite, to use and occupy the homestead and to receive $350 per month in addition, payable as of December 15, 1922, and each 30 days thereafter. Exceptions and objections to this report of the register were filed by defendant on January 9, 1923, which were overruled, and the report of the register was confirmed by decree of January 12, 1923.

[1] It appears from the petition, verified by affidavit, that Thomas C. Cairns and May V. Cairns were lawfully married, and that the bill for divorce from bed and board is bona fide. This would entitle Mrs. Cairns, the complainant, to reasonable alimony pendente lite. Ex parte Jones, 168 Ala. 183, 53 South. 261; Ex parte Eubanks, 206 Ala. 8, 89 South. 656.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2, 3] No appeal lies from the interlocutory decree fixing the amount of alimony pendente lite, and mandamus is the proper remedy for the defendant below, petitioner here, to pursue when aggrieved by the decree to compel a correction of it. Ex parte Eubank, 206 Ala. 8, 89 South. 656; Ex parte Jones, 172 Ala. 186, 55 South. 491. The petition sets out the facts and has attached as an exhibit and as part of it a certified copy of the original bill, demurrers, proceedings, and all papers filed, all testimony and decree rendered in the cause in the court below. The petition is verified by affidavit. Petitioner's brief filed in this court concludes:

"Upon a consideration of the entire record it is insisted that this court fix a reasonable allowance for the complainant pendente lite, and that the said order of the court below confirming the report of the register be vacated and annulled, and that the court below be prohibited from proceeding further to adjudge defendant, Thomas C. Cairns, in contempt for failure to comply with same."

Should we do so under this record? It is in such shape that we should not grant the relief desired even if petitioner were so entitled—a question we need not decide.

The respondent, Hon. William M. Walker, judge of the circuit court in equity, demurs to the petition upon the following, among other, grounds: It does not set out sufficient facts to authorize the relief prayed; it is fatally defective in substance; and it is not averred or shown that the decree rendered in the cause of May V. Cairns v. Thomas C. Cairns on January 12, 1923, was not supported by the testimony taken before the register on reference in said cause. And the respondent, Judge Walker, not waiving the demurrer, answered the petition under oath, stating, among other things, "that said exceptions (to the report of the register by Thomas C. Cairns), as shown by the record in said cause, did not set out or make specific reference to the testimony or parts thereof upon which same were based as required by law." This is true; it is confirmed by certified copy of proceedings in the cause attached as exhibit to the petition.

In Jones v. White, 112 Ala. 451, 20 South. 527, this court wrote:

"The general rule to be observed in reviewing findings of fact by the register on reference (Mahone v. Williams, supra) required the chancellor and require us to indulge all reasonable presumptions in favor of the register's decision upon questions of fact, such as those now under consideration, and not to reverse it unless clearly satisfied that it is wrong."

[4] The defendant, Thomas C. Cairns, objected and excepted to the finding of the register fixing the amount of alimony pendente lite at $350 per month, and allowing Mrs. Cairns the use of the home in addition thereto, setting up separate, clear, and distinct grounds of exception and objection lettered from A to M, both inclusive; but he failed to note anywhere on these or any other exceptions or objections the evidence or parts of the evidence on which he relies in support thereof, with such designation and marks of reference as to direct the attention of the court to the same. Rule 93, p. 1556, Code 1907, and section 3161 were ignored by the petitioner in this court and the defendant in the court below. There was no testimony offered or noted by either party to sustain and support the report or the exceptions to the register's report. This being true, all reasonable presumptions will be indulged by the court to sustain the decision and conclusion of facts reported by the register. Jones v. White, 112 Ala. 451, 20 South. 527.

When exceptions are filed to the report of the register or to any part thereof, and the party filing the same fails to note at the foot of each exception to the conclusion of facts drawn by the register the evidence or parts of the evidence he relies on in support of the exceptions, with such designation and marks of reference as to direct the attention of the court to the same, the court will not commit error by rendering decree overruling his exceptions entirely.

[5] The court by decree overruled the exceptions to and confirmed the report of the register. The petitioner does not show that the court erred in rendering that decree. He should do so, as the burden rests on him. The decree assigns no reason for these rulings of the court. They may have been based by the court solely and entirely on the failure of petitioner to observe rule 93. This differentiates it from the case of Curtis v. Curtis, 180 Ala. 70, 60 South. 165. The court had the clear right to do so, and we have held it would not be error for the circuit court in equity to overrule the exceptions to the register's report, "even had they been well taken," when rule 93 is ignored or not observed. Mooney v. Walter, 69 Ala. 75, headnote 1; Crump v. Crump, 69 Ala. 156.

In McGuire v. Appling, 157 Ala. 310, 47 South. 700, this court said:

"It is well established by our decisions that, when this rule of chancery practice has not been complied with, we cannot review the chancellor's decree on exceptions to the register's report."

Under this petition for mandamus, from the record in the cause as it appears therein, we cannot annul that decree or reduce the amount of the alimony pendente lite fixed by it. Chan. Prac. Rule 93; Code 1907, p. 1556; section 3161, Code 1907; Stewart v. Cross, 66 Ala. 22, headnote 2; McGuire v. Appling, 157 Ala. 309, 47 South. 700; Warren v. Lawson, 117 Ala. 339, 23 South. 65;

Woodruff v. Smith, 127 Ala. 65, 28 South. 736; Curtis v. Curtis, 180 Ala. 70, 60 South. 165.

[6] When the husband fails to pay the alimony pendente lite fixed by the court, as the decree directs, then, on application of the wife, the court may cite the husband to appear and show cause, if any, why he should not on the hearing be adjudged in contempt of court for failing to comply with the decree. 19 C. J. p. 307, § 706, headnote 14; Ex parte Eubank, 206 Ala. 8, 89 South. 656. Mrs. Cairns by sworn petition filed January 19, 1923, made known to the court that the defendant had not paid her the $350 monthly alimony pendente lite, as the decree of the court directed, which decree was rendered January 12, 1923. When this sworn petition was filed by her, the court did not err in making an order setting a time to hear the petition and directing that notice of the nature of the petition and the time set to hear it be given defendant, and that he be cited to appear and show cause, if any there be, why he should not be punished for contempt in failing to comply with the terms of the decree. 19 C. J. p. 307, § 706, headnote 14; Ex parte Eubank, 206 Ala. 8, 89 South. 656.

It affirmatively appears from the petition that Thomas C. Cairns is not entitled to have the decree fixing the amount of alimony pendente lite annulled, or the amount thereof reduced for the reasons hereinbefore shown. He failed to comply with rule 93 of chancery practice. It also affirmatively appears from the petition that the court did not err, after the sworn petition was filed by Mrs. Cairns, in fixing a time to hear it, and citing the defendant, Thomas C. Cairns, to appear on the hearing of the petition to show cause, if any, why he should not be adjudged in contempt for failing to comply with the decree in regard to paying the alimony.

The demurrers to the petition for writs of mandamus and prohibition will be sustained. The entire record is before us. It does not authorize us to review and grant the relief desired, as hereinbefore shown, so the writs will be denied, and the petition dismissed. The petitioner, Thomas C. Cairns, is taxed with the costs.

Writs denied, and petition dismissed.

ANDERSON, C. J., and McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur.

GARDNER, J., concurs in result.

THOMAS, J., not sitting.

GARDNER, J. (concurring specially). I am unable to concur in the majority opinion disposing of this cause upon the application of a rule of practice, thereby pretermitting a consideration of its merits.

"Suits of this nature are regarded as of a tripartite character, wherein the public occupies in effect the position of a third party, and the court is bound to act for the public in such cases, though, of course, the rights of the parties themselves must be fully respected. * * * We apprehend, therefore, that in cases of this character questions of mere legal niceties in regard to pleading should not interfere with the meritorious consideration of the cause." Spafford v. Spafford, 199 Ala. 300, 74 South. 354, L. R. A. 1917D, 773.

The foregoing quotation is particularly applicable to the instant case.

Chancery rule 93, however, has, in my opinion, no application to a case of this kind. The reference was merely to aid the chancellor in ascertaining the proper amount to be allowed complainant for support pending this litigation. The register was not called upon to report on any conclusion of facts, but merely to give his judgment or opinion on the evidence submitted before him as to the proper allowance for alimony. The only proof offered was by the complainant. The respondent did not testify, nor does he offer any contradiction of the evidence of the complainant.

Rule 93 requires the solicitor to note at the foot of each exception to the conclusion of facts that part of the evidence upon which he relies in support of his exception, and as there were no conclusions of fact by the register, and no contradictory evidence, it is rather difficult to see how the solicitor could have observed this rule of practice.

I am of the opinion rule 93 was never intended for a situation as here presented, and have been unable to find where it was before given application to such a case. The authorities cited in the majority opinion are not analogous. The report of the register in this case is not a conclusion of facts, but merely a statement of his judgment or opinion as to the proper amount to be allowed. Rule 93 therefore does not apply.

In Curtis v. Curtis, 180 Ala. 70, 60 South. 165, the rule was not complied with, but the chancellor nevertheless considered the evidence and the exceptions, and this court reviewed the rulings thereon in order that justice might be fully done. The rule was merely made for the convenience of the court, and should not be extended to embrace cases of this character. The public being interested, no technical considerations should stand in the way of the determination of the cause upon its merits. Spafford v. Spafford, supra.

The evidence in the instant case is embraced within a narrow compass, and upon a consideration of this testimony uncontradicted, I am persuaded that the decree of the chancellor should not be here disturbed. This decree merely fixes the amount for support pending this litigation, and in no manner prejudices a full consideration of the cause when the entire proof is heard.

I therefore concur in the result denying the writ, but respectfully dissent from the prevailing opinion.