(102 So. 709)

JOHNSTON v. JOHNSTON. (6 Div. 279.)

(Supreme Court of Alabama. Jan. 15, 1925.)

1. **Divorce** 240(2)—**Liberal allowance to wife where divorce granted for husband's adultery.**

Under Code 1923, § 7419, where divorce is granted wife on account of husband's adultery, allowance of alimony to wife must be as liberal as estate of husband will permit.

2. **Divorce** 286—**Findings and report of register based on oral evidence not disturbed, unless clearly erroneous.**

Finding and report of a register, in petition by husband for reduction of alimony, which was sustained by ample evidence of witnesses examined in his presence, will not be disturbed, unless clearly erroneous, especially when confirmed by decree of court.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Petition of J. S. Johnston for reduction of alimony fixed in the case of C. S. Johnston against J. G. Johnston. From a decree denying the relief, petitioner appeals. Affirmed.

Clark Williams, of Birmingham, for appellant.

The financial status of the husband having changed materially, the allowance of alimony should be reduced. Ortman v. Ortman, 203 Ala. 167, 82 So. 417; Williams v. Hale, 71 Ala. 83; Edwards v. Edwards, 84 Ala. 361, 3 So. 896; Jones v. Jones, 131 Ala. 443, 31 So. 91.

C. C. Nesmith, of Birmingham, for appellee.

Counsel argue the points raised, but without citing authorities.

MILLER, J. This is a bill in equity by C. S. Johnston, wife, against J. G. Johnston, husband, for divorce and alimony. The court granted the divorce; the parties by agreement fixed the amount of alimony at $75 per month, and in addition the husband was to keep up the insurance policy on his life in her favor for $5,000, as long as he lived and she remained single. This decree of divorce was rendered and the amount of alimony fixed on December 1, 1922.

The defendant, J. G. Johnston, on April 5, 1924, filed petition in this cause, verified by affidavit, in which he avers facts showing on account of business reverses he was now unable to pay $75 per month alimony, and asked that it be reduced. The court by decree ordered a reference to ascertain, first, whether or not there had been any change in the status of the parties, and, second, whether or not the monthly payments of $75 should be reduced. The register on the evidence offered reported to the court that there had been a change in the status of the parties, but it was not sufficient to warrant a reduction in the payments of alimony, and the monthly payments of $75 should not be reduced at this time. The petitioner, J. G. Johnston, filed exceptions to this report of the register. The court by decree overruled the exceptions and confirmed the report of the register. This appeal is prosecuted by the petitioner, J. G. Johnston, from that decree and it is the error assigned and argued.

[1] The decree of divorce was rendered in this cause in favor of the wife on account of the misconduct—adultery—of the husband, and, in such case, the allowance must be as liberal as the estate of the husband will permit, regard being had to the condition of his family, and to all the circumstances of the case. Section 3805, Code 1907, now section 7419, Code 1923, and authorities cited in note.

[2] It is true there are some changes in the financial condition of the husband; they are different in some respects now from when the original decree fixing $75 per month alimony was entered. Then his salary was $400 per month, and now it is $300. There are many other differences as testified to by him and others before the register, but we need not recite them here. All of the evidence on the reference was ore tenus before the register. He saw the witnesses, heard them testify, and he could for these reasons better judge of their credibility than this court. There was ample evidence to sustain the facts found and the report made by the register to the court. This court will not reverse the findings and report of the register based on oral evidence of witnesses examined in his presence, unless his conclusions are clearly erroneous. His finding of facts is treated like the verdict of a jury, and should not be disturbed, unless clearly wrong or erroneous. Vaughan v. Smith, 69 Ala. 92; Harper v. Fertilizer Co., 148 Ala. 360, 42 So. 550; Warren v. Lawson, 117 Ala. 339, 23 So. 65; State ex rel. Sellers v. Locke, 208 Ala. 169, 93 So. 876. This presumption in favor of the report of the register has the decree of the court confirming it, which gives weight to it. Curtis v. Curtis, 180 Ala. 70, 60 So. 165. There is ample evidence to sustain the report of the register. It does not appear to us to be wrong or erroneous, but is in accord with the weight of the testimony, and the decree of the trial court overruling the exceptions to it and sustaining and confirming the report of the register is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.