---

(110 So. 409)

### Ex parte WOOD. (7 Div. 675.)

(Supreme Court of Alabama. Nov. 18, 1926.)

1. Divorce ⬤➡209, 221—Wife opposing divorce for adultery and asking divorce for cruelty is entitled to reasonable alimony pendente lite and solicitor's fee, where lawfully married and bill and cross-bill were in good faith.

Where husband's bill for divorce for adultery, the answer and wife's cross-bill for divorce for cruelty, and the answer thereto were filed in good faith, and parties were lawfully married, wife is entitled to reasonable alimony, pendente lite and to reasonable solicitor's fee.

2. Divorce ⬤➡280—Mandamus ⬤➡4(4)—Petition for mandamus to review decree confirming report of register fixing alimony pendente lite and solicitor's fee is proper remedy, and appeal does not lie.

No appeal lies from interlocutory decree confirming report of register fixing alimony pendente lite and solicitor's fee, but petition for mandamus to review decree is proper remedy.

3. Mandamus ⬤➡168(2)—Petitioner for mandamus to review decree confirming report of register fixing alimony pendente lite and solicitor's fee has burden of proving disputed allegation that sums were excessive.

On petition for mandamus to review decree confirming report of register fixing alimony pendente lite and solicitor's fee, denial by judge that sums were unreasonable, grossly excessive, and out of proportion to petitioner's ability to pay places burden of proof on petitioner.

4. Divorce ⬤➡286—Unless clearly wrong, facts reported by register fixing alimony pendente lite and solicitor's fee will not be disturbed.

Facts found and reported by register fixing alimony pendente lite and solicitor's fee will be treated like a verdict and will not be disturbed unless clearly wrong.

5. Divorce ⬤➡286—Decree confirming report of register fixing alimony pendente lite and solicitor's fee strengthens presumption in its favor.

Presumption in favor of correctness of report of register, fixing alimony pendente lite and solicitor's fee, is strengthened by decree confirming it.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Divorce ☞286 — Until contrary appears from record and evidence before register, report of register fixing alimony pendente lite and solicitor's fee and decree confirming it are presumed correct.**

Court presumes that report of register fixing alimony pendente lite and solicitor's fee and decree confirming it are without error until contrary appears from record and evidence before register.

**7. Courts ☞209(2)—Court might not consider copy of proceedings as to reference without certificate that it is copy, in absence of agreement.**

Purported copy of pleadings, decree of reference, testimony on reference, and report of register might not be considered without certificate of register that it is a copy in absence of agreement of parties.

**8. Courts ☞209(2)—That parties admit that exceptions were filed and overruled held insufficient, where record does not show them or show reference to evidence (Chancery Court Rule 93).**

That petition avers and answer admits that exceptions were filed by petitioner to register's report, and overruled, *held* insufficient where record does not show exceptions were filed nor reference to evidence supporting them as required by Chancery Court Rule 93.

**9. Courts ☞209(2)—Petition for mandamus must be denied where petition, answer, and copy of record are not on transcript paper (Supreme Court Rule 36).**

Where neither petition for mandamus, answer, nor purported copy of record appear on transcript paper as required by Supreme Court Rule 36 (Code 1923, p. 891), petition must be denied.

Original petition of O. C. Wood for mandamus to Hon. O. A. Steele, as Judge of the Circuit Court of St. Clair County. Petition and writ denied, and petition dismissed.

M. M. Smith, of Pell City, and Hugh Walker, of Anniston, for petitioner.

If a husband has already provided for the support of his wife, the provisions of Code 1923, § 7417, do not apply. Bulke v. Bulke, 173 Ala. 138, 55 So. 490. Allowance of solicitor's fees depends upon the good faith of the proceedings and probability of success. Bulke v. Bulke, supra; Brindley v. Brindley, 121 Ala. 429, 25 So. 751; 14 Cyc. 749.

Starnes & Starnes, of Pell City, for respondent.

The finding of the chancellor should not be disturbed, unless clearly erroneous. Johnston v. Johnston, 212 Ala. 351, 102 So. 709; Ex parte Cairns, 209 Ala. 358, 96 So. 246.

MILLER, J. This is a petition by O. C. Wood for writ of mandamus to review a de-cree of the circuit court, in equity, confirming a report of the register fixing alimony pendente lite for the wife at $12 per week and fixing her solicitor's fee at $50.

It appears from the petition and answer of respondent that O. C. Wood and Maud Wood were lawfully married; they have four children. He filed a bill for divorce against her on the ground of adultery, and she filed an answer in the nature of a cross-bill, denying the adultery charge and seeking a divorce from him on the ground of cruelty and for alimony pendente lite and permanent alimony, and for solicitor's fee for representing her in the cause; and he filed an answer denying the cruelty charge. The court ordered a reference to fix the amount of alimony for the wife, pending the suit, and the amount of the solicitor's fee for the wife's attorneys for representing her in the cause. The register, by the report, fixed $12 per week alimony pendente lite and $50 solicitor's fee. The report was by decree of the court confirmed.

[1] It appears that the bill of complaint, answer and cross-bill, and answer to the cross-bill, were all filed in good faith, and that the complainant and cross-respondent were lawfully married. This being true, the wife would be entitled to reasonable alimony pendente lite, and a reasonable solicitor's fee for representing her in the cause. Ex parte Eubank, 206 Ala. 8, 89 So. 656; Ex parte Cairns, 209 Ala. 358, 96 So. 246.

[2] No appeal lies from this interlocutory decree confirming the report of the register, and the petition for mandamus to review the decree is the proper remedy for the petitioner to pursue. Ex parte Eubank, 206 Ala. 8, 89 So. 656.

[3] This petition avers the amount of alimony allowed the wife and the amount of the fee allowed her solicitors were unreasonable, grossly excessive, and wholly out of proportion to the petitioner's ability to pay. This was denied by the trial judge in his answer to the petition. This placed the burden of proof on the complainant, petitioner here.

[4] The facts found and reported by the register will be treated like the verdict of a jury, and will not be disturbed unless clearly wrong. Johnston v. Johnston, 212 Ala. 351, 102 So. 709; Warren v. Lawson, 117 Ala. 339, 23 So. 65; Vaughan v. Smith, 69 Ala. 92.

[5] This presumption in favor of the correctness of the report of the register is strengthened by the decree of the court confirming it. Curtis v. Curtis, 180 Ala. 70, 60 So. 165; Johnston v. Johnston, 212 Ala. 351, 102 So. 709.

[6] The burden rests on the petitioner to show the register erred in his report and the court erred in its decree sustaining it. This court will presume the report of the register is correct, and the decree of the court con-

firming it is free from error, until the contrary appears from the record and evidence before the register. Ex parte Cairns, 209 Ala. 358 h. n. 4 and 5, 96 So. 246.

[7, 8] Neither the petition of the petitioner, nor the answer of the respondent, have attached thereto, as a part thereof, a certified copy of the testimony before the register. The evidence before the register is not before this court by the petition, or answer, or agreement of parties.

It is true there appears in the file in this court what purports to be copies of a bill, answer and cross-bill, answer to cross-bill, decree of reference, testimony on reference, report of the register; but this cannot be considered by this court in passing on this report of the register and this decree confirming it by the court. It does not contain even a certificate of the register that it is a copy of the pleadings in the cause and the testimony before the register on the reference, and there is no agreement of the parties for this court to so consider it. It is true the petition avers and the answer admits exceptions were filed by the petitioner, and overruled by the court, to the report of the register. But we find nowhere in the record these exceptions filed by the complainant, petitioner here, to the report of the register and a reference therein to the evidence supporting his exception, as is required by rule 93 of the chancery court. See Chancery Rule 93 and Ex parte Cairns, 209 Ala. 358 h. n. 4 and 5, 96 So. 246. So under this petition for mandamus, from the record in the cause as it appears herein, the petitioner did not meet the burden of proof placed on him, and the decree confirming the amount of alimony pendente lite, and the solicitor's fee of attorneys for cross-respondent, fixed by the register, will not be changed or annulled. Chan. Prac. Rule 93; Ex parte Cairns, 209 Ala. 358 h. n. 4 and 5, 96 So. 246; Stewart v. Cross, 66 Ala. 22 h. n. 2; and authorities supra.

[9] Neither the petition, nor the answer, nor the purporting copy of the record in the cause, appear on transcript paper, as rule 36 of this court, appearing on page 891 of volume 4 of the Code of 1923, requires. This rule states, "No application shall be heard that is not so presented." So for this reason, also, the petition must be denied. Rule 36 of this court; Aust v. Sumter Farm & Stock Co., 209 Ala. 669, h. n. 3, 96 So. 872; Ex parte Jackson, 212 Ala. 496, 103 So. 558, see opinion under headnote 5.

The petition for writ of mandamus is denied.

The writ is denied, and petition is dismissed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.